The opinion of the Court was delivered by
Duncan J.
In form* this is a special action on the case, for refusing to permit Robert Wain to transfer-to the plaintiffs, his assignees, six shares of the stock of the Bank of North America, on their- books, agreeably to a bye-law. In January, 1791, Robert Wain became a stockholder ; January, 1792, a director, and so continued until January, 1820. On the 15th September, 1819, he made a general assignment to the plaintiffs, for the benefit of hi's creditors. At this time be was largely indebted to the Bank. On the 20th November, 1819, thé Bank stated an account, and delivered it to his assignees on the 25th. In that account he is charged with his notes and indorsements due at the time of assignment and still unpaid, and credited with the amount of his stock at the , current price. The balance still due to the Bank is 22, 185 dollars. Benjamin R. Morgan was *87 appointed a director in January, 1811, and continued so till March, 1821. On the 19th February, 1820, the plaintiffs, with Mr, Wain and Mr. Lohra, a notary, made a formal demand of the cashier of the Bank, to permit the transfer of these shares to be made on their books. 1'his was declined. On the 20th Mr. Lohra renewed this demand. The cashier refused» claiming to hold the shares as a set-off against the debt of Mr. Wain’s, observing, that there was an Older or bye-law or understanding, which Mr. Wain, being a director, well knew, “ that no stockholder could transfer his stock, while in debt to the Bank ; that the debt must be paid, before the Bank would suffer a transfr-r of the stock.” It. was given in evidence, that Mr. Wain well knew of this early regulation of the board. It was an unvaried course, always insisted on, and in no instance departed from ; — acted upon by the unanimous opinion of the directors, while Mr. Wain was in the direction. There was no bye-law or written regulation of the board on the subtect of transfers, but the byelaw of the 12th November, 1781, which prescribed, “that the sale or alienation of Bank stock should be made by transfer, in a book kept as register thereof, in the Bank, in presence of the president, or attending directors, who with the accountant, should witness the said sale.”
That a party entitled to a transfer of stock, may maintain' a special action of assumpsit against those whose duty it is to permit the transfer to be made, in the manner prescribed by this bye-law, cannot be questioned. This principle was decided, in The King, on the prosecution of Dawe’s executors v. The Governor and Company of the Bank of England, Dougl. 526, and in the notes, 528. In The Union Bank v. Laird, 2 Wheat. 390, chancery was resorted to, to compel the transfer; but in this State, where there is no other relief than what a common law Court can give, damages only can be recovered. ' The remedy is by special action on the case ; for the very ground of that action is, that the law will not suffer an injury and a damage without a remedy. Winsmore v. Greenback, Wilies, 581. But in whatever shape the claim comes before the Court-, in whatever forum it is to be decided, either of law or equity, whether it be special assumpsit directly on the contract, or whether the contract be inducement and the gravemen ex delicto, or bill in chancery, *88 the same.rule must prevail; for in mercantile questions, there is no distinction between Courts of law and of equity. Mercantile law is founded on principles of equity, and it is fp*' this reason, as Mr. Justice Buller observed, in Tooke v. Hollingworth, 5 T. R. 229, “Courts of law have of late years said, that where an action is even founded on a tort; they would discover some mode óf defeating the plaintiff, unless his action,were also founded1 on equity; arid that though the-property might, on legal grounds, be with the plaintiff, if there were' any claim or charge by the defendant, they would not consider the retaining of the goods as a conversion.” X is a principle in equity, that wherever the Court ha's found a demand on one side and on the other, to endeavour that one should be set off against the other. Ryall v. Rowles, 1 Vez. 875. This Court has in all instances very liberally extended the Defalcation Act, and very freely and to the. full extent, adopted all the doctrines of Courts of equity, with respect to equitable set-offs. Murray v. Gray's administrator. Dunlop v. Speer. Heck v. Shener. Steigleman v. Jeffries. It would be an unnecessary undertaking to define the character of these certificates of stpck, whether in their nature they partake, in any degree, of the quality of negociable paper, or are purely assignable; passing into the hands of the assignees, who, like every other, purchaser of a chose in action, must always abide by the case of him from whom, he buys. And to decide whether the equitable specific assignee for a valuable consideration, without notice of the restriction in the transfer, could not compel a legal transfer without relation to the accounts between the Bank and the stockholder, would be an arduous one. But these inquiries . are not necessary, for this is not the case of such assignees. The plaintiffs are general assignees of Mr., Wain, and stand precisely in his situation ; they cannot be entitled to any property to which he has not a title, — to any remedy which he did not possess. The stock passed into the hands of his assignees, subject to all the rights and all the equities of the Bank ; and this without taking into consideration the evidence of at least the knowledge of one of the plaintiffs of the restriction on transfers, where the stockholder was debtor to the Bank. It is reduced to the narrow question, was this regulation of the Bank, — this usage to re *89 tain, — -this course of dealing between the Bank and her customers, unquestionably -known as it was to Mr. Wain, binding on him ? That such a bye-law was within the power of the Bank, — a bye-law imposing this restriction, — giving the pow'er, is decided in Child v. Hudson’s Bay Company, 2 P. Wms. 207. The agreement of the stockholders would be equally binding on them and all who stand in their shoes, as a bye-law. Bye-laws bind, because the members of the corporation, either individually, or by those who represent them, are supposed to give their assent to them. A course of dealing, — a usage, — an understanding, — a contract express or implied, is the lien of the parties and a law to them, provided they are not repugnant to the charter or the laws of the land. This is contrary tó neither. If the restrictive clause had been inserted in the Act of Incorporation, as it is in the charters of the Philadelphia Bank, Farmers’ and Mer chanics’ jScmi,and Union Bank of Georgetown, then, according' to the decision of the Supreme Court of the United States, in The Union Bank v. Laird, “ no person could acquire a legal right to any share, except under a legal transfer, according to the rules of the Bank under the Act of Incorporation, of which he is bound to take notice.” The understood notice to Mr. Wain, his continuing to deal with the Bank, with full knowledge of this term and condition, is equally binding on him and the present plaintiffs, as if it were a written regulation, a bye-law, a provision ini the charter, or clause inserted in the very certificate of stock. The Bank had an undoubted right to say to any stockholder, “We discount your note ; but remember, until it is paid, we shall hold your stock in security. You shall not be permitted to transfer it, until you pay us.” There is nothing unfair in this.. The terms are known and are accepted, as between the parties to the present agreement, — the stockholder and the Bank. This amounts to an hypothecation, a pledge of the stock. How it would have been, in a controversy between a bona fide purchaser for valuable consideration and without, notice, who pays his money to the stockholder on the faith of the certificate, entrusted with the symbol of the property, the constructive legal possession, the title deed, on its face an instrument transferable and assignable, I do not give any opinion. It is a very diffe* *90 rent question. But as between these parties, call this answer 0f the Bank what you please, — lien, set off, legal or equitable, pledge, retainer, stoppage, course of dealing, general understanding, usage, contract express or implied; it *s a bar in law and equity to this action. Liens are either, by the common law, a general usage, or a course of dealing and understanding between the parties themselves, or on a contract express or implied. 1 Bl. R. 651. 4 Burr. 2221. 6 East. 519. In Davis v. Bowsher, 5 T. R. 488, it is decided to be the general law, that where a banker has advanced money to another, he has a lien on all paper securities which come to his hands, for the amount of a general balance. These can never be taken from.him, without paying him, unless such securities were delivered on an agreement so to do; and Justice Grose, in that case, stated the question to be, whether, under all the circumstances of the case, the banker had not a lien for the general balance; and that the evidence went far to shew he had, according to the general dealing and understanding between the parties. If this be sound doctrine, it settles the present question. Here was positive evidence of a general dealing and explicit understanding between Mr. Wain and the Bank, that his stock, like the stock of all others, was to remain untransferred, until his debts were paid. Here was a public institution, declaring it to be a term on which they loaned their money to the stockholders. Here is one of the directors conducting their affairs on that principle, and with that understanding, for many years; for the first time objecting to that rule, calling for a transfer to be made to his assignees, in defiance of this notorious regulation, which had never been deviated from, and rigorously and -impartially imposed on all. Can the Bank be said tortiously to refuse that which the party agreed he never would demand ? If the action be in tort, and the plea, Not guilty, would not this be a complete defence? Volenti non jit injuria. If it be in assumpsit, on the plea of non assumpsit, would the allegata and probata agree ? The matter alleged would be a promise unconditionally to suffer the transfer to be made ; the matter proved would be a promise, on condition he paid all that was due to the Bank. If it were a bill in chancery, would not the defendants’ answer, disclosing and proving the facts, silence every equitable *91 pretension ? Where is the equity in the plaintiffs’ demand ? They demand not only that to be done which the Bank never agreed to do, but which their constituent agreed never to ask them to do. I can see no equity in the plaintiffs’ demand, no inequity in the defendants’ refusal. There can be no want of equity in the Bank, who merely insist on holding, as a security, that, which, from a fair consideration of the evidence, it must be implied, Mr. Wain agreed they should hold. Equity never would deprive one creditor of any plank which the law affords him, and give it to another creditor. Mr. Wain having appropriated the stock to the payment of this particular debt, could not make a second appropriation of it to his general creditors. The assignees take it cum onere, subject to the prior incumbrance of the Bank. The definition of an equitable lien, is that it is an equitable obligation which the conscience of another is bound to perform. Perry v. Philips, 1 Ves. jun. 254.
This case has, on the difference of opinion between the assignees of Mr. Wain (whose duty it was to try the question) and the Bank, been brought before the Court, in the most amicable manner, for their decision on the rights of the parties, without relation to any matter of form, and to obtain the opinion of the Court on the merits. The Court are of opinion, that in no form in which the claim could be put, can it be sustained, until the debt due by Mr. Wain to the Bank be satisfied. We direct judgment to be entered for the defendants.
Judgment for the defendants.