The opinion of the court was delivered by
Tilghman, C. J.
1. Were the plaintiffs entitled to a transfer of the stock, without paying MaxwelVs note? This bank, with many others, was incorporated by the ££act regulating banks,” passed the 21st of March, 1813, (6 Sm. L. 154,) and it is enacted in the 7th section, article 11, “that. the stock of each of the said companies, shall be assignable and transferable on the books of the company only, in the presence of the president or cashier, and in such manner as the by-laws shall ordain; but no stockholder indebted to the institution, shall be authorized to make a transfer, *79 or receive a dividend, till such debt shall have been discharged, or security, to the satisfaction of the directors, given for the same.” It was contended, on the part of the plaintiffs, that the words indebted to the institution, should be restrained to debts on account of the original subscription to the capital of the bank. But I can. perceive no ground for such restriction. The words embrace all debts, and there,is good reason for their extending to all. When the directors discount the note of a stockholder, they know that his stock is liable, and therefore may be less attentive to the sufficiency of the endorsers. The endorsers, too, have an interest in the lien of the bank, and it may be presumed that many persons have been induced to endorse, on the strength of this lien. We must not reject the plain meaning of words, and resort to improbable conjectures. I am clearly of opinion, that the construction put upon the law#t>y the Court of Common Pleas, was right.
2. But, are the'plain tiffs entitled to recover back their five hundred dollar’s ? This was an unfortunate payment, very imprudently made. But I have sought in vain for a reason, to make the bank refund'the money. It was fairly due to them when they received it, and they made use of no artifice whatever to induce the plaintiffs to pay it. They had no notice of an intended transfer of stock. The money was paid on account of Maxwell’s stock, — Mr. Smith’s check was payable to Maxwell. Maxwell was the apparent and the legal owner of the stock, and might have transferred it, on the books of the bank, to any other person than the plaintiffs, at any time before the bank received notice of the power of attorney to Mr. Smith. The plaintiffs lose their money, by their confidence in Maxwell. They should have applied for a transfer, before they paid the instalment, and then they would have been safe. To recover in this action, it must be shown, that the defendants have received money, which they cannot, in good conscience, retain. But that has not been shown. The defendants have received nothing, that was not due to them. They could not take notice of transactions between the plaintiffs and Maxioell, which were not communicated to them. It was the business of the plaintiffs, to inquire how Maxwells account stood with the bank, before they bargained for his stock. But, instead of this, they suffered the in-stalment to be paid, in the the name, and on the account of Maxwell. It is a principle of law, that a man who receives money fairly, which is justly due to him, shall not be obliged to refund. I am of opinion, therefore, that the plaintiffs are not entitled to recover.
Judgment affirmed.