The opinion of the court was delivered by
Huston, J.
The plaintiff having a judgment against one Andrew Boggs, levied his execution on one hundred shares.of stock in the Lancaster Bank., The fieri faóias came to the hands of the *286 sheriff on the 20th of August, 1819. The sheriff sold the stock to the plaintiff oh the 20th of March, 1820.
Andrew Boggs was indebted to the Lancaster bank as follows: oh two notes which had fallen due before the levy, and were not renewed, four hundred and twenty-six dollars'; on two other notes, which notes were dated'before the levy but fell due after the levy, about eight hundred and twenty dollars, these were not renewed when they fell due, nor were they ever protested; and, on a third note, dated before the levy, and which fell due after the lévy, and was renewed twice, but which eventually fell due on'the 4th of February, 1820, before the sale, and was not renewed or protested, twelve hundred dollars; on the stock Boggs had paid to the bank, about two thousand, five hundred dollars. The bank, before, the sale, gave notice that it claimed to have a .lien on .the stock of Boggs, for the amount due by him to the bank.
The act chartering the Lancaster bank with others, in 1814, had this clause:, “Article 11. The stock of each of .the said banks shall be assignable and transferrable on- the books of the corporation only, and in the presence of the president or cashier, in such manner as the bye laws shall ordain; but, no stockholder indebted to the bank, shall make a transfer or receive a dividend until such debt is discharged, or security to the satisfaction of the directors is given for the same.” The general understanding, as well as the obvious meaning of this clause is, that if a transfer is permitted to be made on the books of the bank, the person to whom stock is transferred, would hold it discharged from any lien for debts due the bank. The security is putin the hands of the bank: no transfer can be made unless their officers'produce the books and permit the transfer; if they do permit it, the lien of the bank is gone. The transfer on the IBooks is, in general, conclusive of the right, at least against the bank. The plaintiff contended, that the phrase indebted to the bank, applied only to debts for stock or notes which had actually fallen due and were unpaid; and, that even on these the bank must, if possible, collect the money by suit on the notes against the drawer and endorser. We give no opinion on the act of 1824, in which the language is-different; but, the construction of-the act of 1814, is settled by general usage under it, by the case in 8 Serg. & Rawle, 73, and the express decision on the point in Rogers v. The Huntingdon Bank, 12 Serg. & Rawle, 77. The statement of that case is not very full or explicit, but the notes of Maxwell were not payable when he gave the power to transfer, and his notes were renewed at least once before suit was brought. I brought the suit for the plaintiffs. We concur in the opinion there given, that the bank under that act, have a lien for all money owing to it by a stockholder, and may refuse to permit a transfer of stock until the-debts of the stockholder to the bank, are paid.
It has been contended, that The act of the, 29th of March, 1819, *287 is material: it says, “ the stock of any individual, in his or her •own name, shall be liable to be taken in execution, and sold in the same manner that goods and chattels are liable to be so taken and sold; subject, nevertheless, to any debt due by any holder of such stock to the company or body corporate.” We are of opinion that act does not purport to affect the lien of the company, and does not affect it. The right of the stockholder alone is. subjected to levy and sale; it is sold and it is purchased precisely as it was held, in no worse and in no better situation than he had'it: nothing in this act indicates any intention to give the creditor or purchaser any greater right than the debtor had, and subject to the lien which bound it in .his hands. It is long settled, and not disputed, that' a lien is a good bar to an action of trover, 2 Sound. 47, and to an action on the case. 8 Serg. & Rawle, 73. The bank had a lien, and were justified in refusing to permit a transfer of this stock until that lien is discharged. ...
It has been insisted here, that a sheriff who sells stock, may or must transfer it on the books; generally, the sheriff who sells personal property does not give, and is not bound to give, any other evidence of title, than a receipt for the price of the article. The record is the evidence of the purchaser’s title; and, if this lien was paid off, will be good evidence in this case. 7
As this opinion settles all the' points material 'in the cause, we need not go further; we .mention, however, several matters discussed in the argument. The bank are not bound to appropriate a part of the stock to pay their debt, and transfer the balánce to the plaintiff, even if the stock were sufficient to pay it and' leave a balance.
Though trover might lie for a certificate of stock, as it does,for a bond or deed, yet it will not lie for one hundred shares of bank stock, any more than it would for a debt due op a right of entry.
Judgment affirmed.