## MOOAR v. WALKER ET AL.

## JEWETT v. MOOAR ET AL.

1. **Garnishment**: CORPORATE STOCK: ATTACHMENT. In an action against the owner of stock in a corporation the secretary of the corporation was attached as garnishee, the notice being directed to him as an individual and requiring him not to pay any debt due by him to the stockholder: *Held*, that the process gave to the plaintiff no lien upon the defendant's stock, even though the secretary understood that the attachment was a valid one and acted in pursuance of that understanding.

*Appeal from Lee District Court.*

FRIDAY, JUNE 8.

ON the 22d day of June, 1874, the plaintiff filed his petition against Samuel J. Walker and the gas company, in which it was stated that Walker was a non-resident of the State and that he was the owner of 423 shares of stock in said company; an attachment was asked, and that the gas company be

required to answer and state the amount of stock owned by Walker, and that it be enjoined from making any transfer of said stock on its books. No injunction was issued. An attachment, however, was issued, under which plaintiff claims to have acquired a valid lien on the stock, or that through the process of garnishment he became entitled to have said stock applied in payment of the amount due him by Walker. Whether the gas company was notified of the pendency of the action is not affirmatively shown, but on July 27, 1874, said company filed an answer in which it is stated that Walker owned, as appeared by the books, 423 shares of its stock.

On August 31st, 1874, Walker appeared and filed a motion to strike out all that part of the petition which related to the gas company, which was sustained and on September 4, 1874, the answer filed by him was struck from the files and judgment rendered against him for the amount due plaintiff. On September 9, 1874, a petition of intervention was filed, claiming that on the 20th day of August, 1874, Walker had transferred said stock by an instrument in writing to the intervenor. That the latter and Walker had applied at the office of the gas company to have the stock transferred to the intervenor on its books, which was refused, and the intervenor asked that said company be ordered to make such transfer, unaffected by any lien arising from the attachment proceedings.

The answer to this petition denied that the intervenor had any valid lien on, or interest in, said stock, and alleged that the pretended sale thereof to the intervenor was fraudulent and void because made to hinder and delay the creditors of Walker, and the validity of the attachment proceedings was insisted on. The gas company also answered the petition and stated that at the time it was garnished it had no notice of the transfer of the stock to the intervenor, and prayed the court to protect its interests and adjudge to whom the stock belonged. There was a trial to the court and judgment being rendered for the plaintiff the intervenor appeals.

*Howell & Anderson*, for appellant.

*Gillmore & Anderson*, for appellee.

SEEVERS, J.—The attachment process was in the ordinary form and directed the sheriff to attach the property of Walker. The sheriff returned thereon that on the 22d day of June, 1874, he "attached H. G. Boon, secretary of said company, as garnishee, by informing him he was attached as garnishee and by leaving with him a written notice," which is attached to and made a part of the return, and no further attachment of property was made. The notice referred to in the return is directed to H. G. Boon, and he was notified "not to pay any debt due by him to the defendant, or hereafter to become due," and that he "must retain possession of all property of said defendant then and thereafter being in his possession or under his control."

On the 20th day of August, 1874, Walker, by an instrument in writing, transferred the stock to the intervenor, but no transfer of the same was made on the books of the company. It is, however, admitted that the intervenor did all he could to procure such transfer, but that the officers of the gas company refused so to do. At the time the attachment was served on Boon he understood that the "said stock was being garnished in that proceeding."

From the foregoing statement it will be seen that two questions are presented: 1. Whether under the attachment proceedings the plaintiff obtained any lien on, or right to, the stock; and, 2. Whether the intervenor is a purchaser for value in good faith, and whether it is proper this question should be determined on this appeal. They will be considered in the order stated.

I.   We understand counsel to concede that at common law stock in an incorporated company could not be reached or levied on under either mesne or final process.

1. GARNISHMENT: corporate stock: attachment.

Sec. 2967 of the Code provides: "Stock or interest owned by the defendant in any company, and

also debts due him or property of his held by third persons, may be attached as follows:

"1. By giving the defendant in the action, if found within the county, and also the person occupying or in possession of the property, if it be in the hands of a third person, notice of attachment.

"2. If the property is capable of manual delivery the sheriff must take it into his custody, if it can be found.

"3. Stock in a company is attached by notifying the president or other head of the company, or the secretary, cashier, or other managing agent thereof, of the fact that the stock has been so attached.

"4. Debts due the defendant, or property of his held by third persons, and which cannot be found, or the title to which is doubtful, are attached by garnishment thereof."

It is evident the last mode could not be adopted, because the gas company was not indebted to Walker, nor did it have in its possession any property belonging to him, or that if it was adopted the plaintiff obtained no lien on the stock thereby, nor did he become entitled to a personal judgment against the gas company.

Whenever the attachment by garnishment is proper and is adopted, no lien on property is thereby obtained, but the remedy for the enforcement of the judgment is of a personal character against the garnishee, who may sell and convert to his own use the property in his hands at the time process is served on him, and to such personal liability alone must the creditor look for his payment.

On the other hand, where property is attached otherwise than by garnishment, a lien on the property is obtained, and the same cannot be sold or transferred free from or unaffected by the lien, and to such property and the debtor must the creditor look for the payment of his claim. In such proceeding no personal judgment can be obtained against any third person.

The fact that the gas company had in its possession the stock book which showed that Walker owned stock therein by no means gave the company or its officers possession or con-

trol of the stock. The stock in a legal sense was in the possession of Walker; he alone could sell or transfer it. The stock books did not give the company power and dominion over the stock except for its own protection, and not to enable it to arbitrarily injure one person so as to benefit another. The stock books constituted evidence of Walker's title, but were not by any means the only evidence of his ownership, and the refusal to transfer could not have any effect on either the title of Walker or the intervenor.

In order to obtain a lien on stock in an incorporated company and prevent a valid transfer of the same, the creditor must follow the mode pointed out in the third sub-division of said Sec. 2967, which requires that notice shall be served on the *president or other head of the company, or the secretary, cashier, or other managing agent thereof of the fact that the stock has been attached*, and this mode has not been adopted in the present case.

The notice served on Boon did not inform him that the stock was attached; beside this, it was directed to him as an individual, and required him in such capacity not to pay any *debt due by him* to Walker, and that he must retain possession of all property under his control belonging to said Walker.

The return of the sheriff on attachment aids the conclusion that no attachment of property was made or intended as distinguished from garnishment; for the sheriff states that he attached Boon as *garnishee*.

Boon's understanding that there was an attachment of the stock cannot change this result. If there was a valid attachment and lien on the stock created by the proceedings, both Walker and the intervenor were bound to take notice thereof, and any sale or transfer by the former to the latter thereafter could in no manner affect or displace the lien, but any right or title obtained by the intervenor would be subject thereto. But the intervenor was not bound to know or take notice of Boon's understanding of what rights the plaintiff obtained under the attachment proceedings.

This is not a contest in which the gas company has any interest of a personal character, therefore Sec. 1078 of the

Code has no application. That section is intended as a protection to the company, and is designed to apply only where the sale or transfer of the stock in some way conflicts with the interests of the corporation. If Walker had been indebted to the company, that section would have had an important bearing on the rights of the parties to the extent of such indebtedness. That a transfer is valid between the parties is expressly recognized by said section. We are therefore of the opinion that no lien was created on the stock, and that the intervenor obtained a valid title thereto unless the same is affected by fraud as alleged in the pleadings.

II. A part of the stock in question was by the court below adjudged to belong to a third party, and as to the correctness of such adjudication no question is made in this court.

"As to the residue, it was adjudged that the plaintiff's attachment herein be sustained," and it was ordered that a special execution issue for the sale of the stock. The plaintiff insists that his answer to the petition of intervention asked affirmative relief, and alleged the transfer of the stock to be fraudulent and void, and he further insists that this cause is not triable *de novo* in this court; that the finding below stands as the verdict of a jury, and as there was evidence tending to show fraud in the transaction between Walker and the intervenor, therefore the finding cannot be disturbed, but there must be an affirmance for the reasons stated. The difficulty, however, in so doing, lies in the fact that it is made clear and manifest by the abstract that the finding of the District Court was not based on either of the grounds mentioned, but solely because the court was of the opinion the attachment proceedings gave the plaintiff the better right to the stock. The rule contended for does not therefore apply. In the state of the record we deem it improper to express an opinion on the question of fraud or its effect if proven, but we will remit the cause for such further proceedings as the parties may be advised in the premises.

REVERSED.