THE FORT MADISON LUMBER CO. v. THE BATAVIAN BANK ET AL.

1. **Corporations**: TRANSFER OF STOCK: ENTRY ON BOOKS: WHEN NECESSARY.  A transfer of corporation stock is not valid as against attaching creditors of the assignor without notice, unless the transfer is entered on the books of the company, as provided by § 1078 of the Code.  (See opinion for a full discussion of the question on principle and authority by ADAMS, CH. J.)

*Appeal from Lee Circuit Court.*

FRIDAY, MARCH 11.

ACTION in equity to compel the defendants to interplead, in order that their respective claims against each other, and against the plaintiff company, may be determined.    The facts appear to be that one Weston was at one time the owner of certain shares of stock in the plaintiff company, and the same stood in his name on the books of the company.    In 1883 he borrowed money of the defendant, the Batavian Bank of La Crosse, Wisconsin, and assigned to it certificates of his stock as collateral security; but no transfer of the stock was made upon the books of the company.    Afterwards he became insolvent.    Among his creditors were the defendants D. Hammell & Co., the Clark County Bank and the Neillsville Bank.    These creditors brought actions upon their respective claims in the circuit court of Lee county, Iowa, and caused writs of attachment to be issued, and levied upon the stock in question.    At the time of the levy they had no knowledge of any transfer of the certificates by Weston.

Shortly after the levy the Batavian Bank procured the secretary of the plaintiff to indorse upon the stubs of the book from which the certificates had been detached an entry or memorandum of a transfer. This action is brought for the purpose of procuring a determination of the question as to whether the rights of the Batavian Bank, as pledgee, are subject to the attachments, or the attachments subject to the rights of the Batavian Bank. The court held that the attachments were subject to the rights of the Batavian Bank. The defendants D. Hammell & Co., the Clark County Bank and the Neillsville Bank appeal.

*Casey & Casey*, for D. Hammell & Co., appellants.

*M. C. Ring, R. F. Kounts* and *Casey & Casey*, for the other appellants.

*C. W. Bunn* and *W. J. Knight*, for the Batavian Bank.

*Van Valkenburg & Hamilton*, for the other defendants.

*Frank Hagerman*, for plaintiff.

ADAMS, CH. J.—The question whether a transfer of stock in an incorporated company in this state, when not entered upon the books of the company, is valid, as against attaching creditors of the assignor without notice, is now presented for the first time in this court. Its determination must depend upon the view which should be taken of the meaning of the provision found in section 1078 of the Code, and which is as follows: "The transfer of shares is not valid, except as between the parties thereto, until it is regularly entered on the books of the company, so as to show the name of the person by and to whom transferred, the numbers or other designation of shares, and the date of the transfer."

The question now presented does not arise between the parties to the transfer. Without any question, the transferee will hold the stock, as against the transferer, for all the purposes for which the transfer was made. The question arises

between one of the parties to the transfer and others who were not parties, and who dispute the validity of the transfer. If we give the statute a literal construction, we must hold that the transfer is not valid. To hold otherwise, we should be obliged to enlarge the exception. The rule would be that the transfer is not valid, except as between the parties, and except as between the transferee and the attaching creditors of the transferer. But ordinarily, in the construction of a statute, an exception is not to be enlarged.

The question, however, is not free from difficulty. It is urged by the appellee, the transferee, that an attachment can in no case bind more than the interest of the debtor; and, if the transfer is valid between the parties, it is said that it follows, from the necessity of the case, that the attaching creditor of the transferer acquires a lien only upon such interest as the transferer has left, if any.

That there is plausibility in this argument cannot be denied. But in our opinion it is not sound. It would carry us too far. It would make a transfer that is valid between the parties to it valid as against all persons claiming under the transferer. But no one pretends that this is so. If the transferer sells again, and to an innocent purchaser for value, who obtains a transfer upon the books, no one doubts that he would become both the legal and equitable owner; and this is true though the transferer had, in one sense, no interest in the stock which he could sell. It is entirely competent, then, for the legislature to provide arbitrarily that a given transfer shall be deemed by a court valid or invalid, according to the parties which shall be before the court. The transfer is valid if the parties before the court were the parties to the transfer, and otherwise not. This, at least, is the rule of the statute, and must be followed, unless some equitable consideration controls. If the attaching creditors of the transferer had knowledge of the transfer, it may be that a court of equity would protect the transferee's rights. It has frequently been so held, but that question is not before us.

The Fort Madison Lumber Co. v. The Batavian Bank et al.

Our conclusion thus far has been based upon what seems to be the fair meaning of the language of the provision. But we are entitled to take a broader view, and look at other provisions. It is provided in the same section that the " books of the company must be so kept as to show intelligibly the original stockholders, their respective interests, the amount paid on their shares, and all transfers thereof; and such books, or a correct copy thereof, so far as the items mentioned in this section are concerned, shall be subject to the inspection of any person desiring the same." The above, it will be seen, is a provision that the books shall show, at any given time, precisely who the stockholders are at that time. The books, too, shall be kept open for inspection by any one. Where a provision is made for a record of specific facts, and another provision that the record shall be kept open for inspection by any one, the intention must be that any one inspecting the record should be entitled to rely upon it as true; and, if a person inspecting the record expends money upon the faith of it, any other person through whose negligence the record fails to show the truth should be estopped from setting up its untruthfulness.

It is contended by the appellee that the provision for a record, designed to show who the stockholders are at any given time, is for the sole benefit of the corporation itself. But there is nothing in the provision that calls for such construction. Besides, nothing can be clearer than that the record is for the benefit of any one who may desire to inspect it, because it is expressly provided for such.

It is contended by the appellee that a mere attachment of stock should not have precedence over a prior assignment, not made of record, because the attaching creditor has expended nothing but his labor and the costs. By way of argument, it is said that an attachment does not take precedence of an unrecorded deed. But such a case differs in this: The statute expressly requires transfers of stock to be recorded; it does not require that deeds shall be.

VOL. LXXI—18

Stock in an incorporated company is personal property. Transfers of personal property, to be valid as against attaching creditors, should be attended by a visible change of possession, or else evidence of the transfer should be spread upon a public record. We have an express provision of statute for property where a visible change of possession can be made. In the case of stock in an incorporated company, no visible change of possession can be made. Stock is a share in the interests and rights of the corporation. Certificates are mere evidence. They may never be issued. It is not essential that they should be. When issued, they are merely for convenience. The object of the imperative provision that transfers of stocks shall be recorded unquestionably is that the ownership may be made apparent.

Chief Justice SHAW, in *Fisher v. Essex Bank*, 5 Gray, 373, (380), in speaking of stock in an incorporated company, said: " It is of importance that the title be certainly and easily ascertained, that the mode of acquiring and alienating it may at any time be made available by process of law for the debts of the owner." Again, speaking of the necessity of a record of the transfers as passing title, and of a levy according to the record, he says: "The shares [otherwise] could never be attached, for the officer could have no means of obtaining possession of the certificate from a reluctant debtor adversely interested, and without it the shares might pass the next day to a purchaser without notice." Again he says: " It is necessary to fix some act, and some point of time, at which the property changes, and rests in the vendee; and it will tend to the security of all parties concerned to make that turning point consist in an act which, while it may easily be proved, does at the same time give notoriety to the transfer."

In support of the conclusion which we have reached, that the statute in question was designed in part for the benefit of attaching creditors, we will refer to another provision of the statute. The sheriff must, as nearly as the circumstances

will permit, levy upon property fifty per cent greater in value than the amount of the debt as sworn to. Code, § 2954. Now, if the construction contended for by the appellee is correct, the attaching creditor and sheriff, proceeding strictly according to law in attaching stock, and exhausting their ability to secure the debt by such attachment, cannot know whether any security at all has been obtained. The certificate holder may keep himself concealed until the very moment when the stock is offered for sale on execution, and it is sufficient if he then appear, and give notice of his claim. We cannot think that the statute was designed to admit such a result. We may say, indeed, that the very mode of attaching stock provided by statute seems to be a legislative construction of the statute in question.

We come, now, to inquire how the question stands upon the authority of adjudicated cases.

In Maine the statute provides that " a transfer of shares is not valid, except between.the parties thereto, until it is so entered in the books of the corporation." The provision is identical with the provision of our own statute. In *Skowhegan Bank v. Cutler*, 49 Me., 315, a question arose as to whether an attachment would take precedence of an unrecorded assignment, and it was held that it would.

In Illinois it is provided that shares of stock in a corporation can be transferred only upon the books of the corporation. In *People's Bank v. Gridley*, 91 Ill., 457, a question arose as to whether the levy of an execution would take precedence of a transfer of shares not entered upon the books. It was held that it would. The action was brought to enjoin the sale on execution. The point was made that the execution creditor, who had merely levied, was not an innocent purchaser for value, and that, not being such, the transfer, though not entered upon the records, might be set up against him; but the court held otherwise. It is true, the Illinois statute differs a little from ours. It provides that transfers can be made only on the books of the company.

It does not, like our statute, expressly provide that a transfer not entered upon the books will be good as between the parties to the transfer. But the difference, in our opinion, is not material. The statute is the same in effect. It is well settled that, under a statute like the Illinois statute, a transfer not entered upon the books is good between the parties. The case, then, appears to be strictly in point.

The same view was taken in *Sabin v. Bank of Woodstock*, 21 Vt., 353, and *Cheever v. Meyer*, 52 Id., 66. In the former case, Chief Justice REDFIELD said: "We entertain no reasonable doubt that　　*　　*　　*　　all persons unaffected with notice to the contrary are at liberty to act upon the faith of the title being where it appears upon the books of the company to be." In *State Ins. Co. v. Sax*, 2 Tenn. Ch., 507, Chancellor COOPER cites the case, and refers to it approvingly.

In Wisconsin the statute pertaining to the transfer of stocks is like ours, and in *Application of Murphy*, 51 Wis., 419, 8 N. W. Rep., 419, a construction was put upon it which sustains the appellants in the case at bar. The court said: "We think that the meaning of the law is that all transfers of shares should be entered, as here required, upon the books of the corporation; and it is equally clear to us that all transfers of shares not so entered are invalid as to attaching or execution creditors of the assignors, as well as to the corporation and subsequent purchasers in good faith."

In *Pinkerton v. Manchester & L. R. Co.*, 42 N. H., 424, (462), an attachment, made without notice of a prior transfer not entered upon the books, was held to take precedence of it. The court said: "As to goods and chattels in possession, a substantial change of possession is by our law essential when it can be had. In the case of stock, the natural and appropriate indication of ownership is the entry upon the stock record."

In Connecticut an attachment was upheld as against a

prior assignment not entered upon the books. *Northrop v. Newton & Bridgeport Turnpike Co.*, 3 Conn., 544.

It is claimed by the appellee that in New York, New Jersey and California it has been held otherwise; and it may be conceded that this is so, though we are not prepared to say that all the statutory provisions in those states bearing upon the question are quite the same as in this.

The case of *Black v. Zacharie*, 3 How., 483, is cited by the appellee. In that case language was used which might seem to support the appellee's position, but the case was essentially different from the one at bar. The attaching creditors had notice of the assignee's rights at the time the attachment was levied.

The appellee also cites *Moore v. Walker*, 46 Iowa, 164. But the pretended attachment in that case was made before the assignment, and would unquestionably have taken precedence of it if it had been properly made; but it was not, and had no validity, regardless of any question of transfer. It was expressly held that the provision of statute now in question (section 1078, Code,) had no application to the case. The remark, then, in the opinion, in regard to the scope of that section, does not have the force of an adjudication.

There is no question in regard to the preponderance of authority. It is clearly on the side of the appellants. But we are not influenced more by this fact than what seems to be the plain language and intent of the statute, and the difficulty and uncertainty which would often attend securing debts by attachment of stock, if stock, as against attaching creditors, can be transferred by mere delivery of the certificates, and if the books provided expressly for inspection by such creditors are to serve especially the purpose of a false scent.

We think the judgment must be

REVERSED.