THE OTTUMWA SCREEN COMPANY, et al., Appellants, v. THOMAS STODGHILL, Sheriff, et al.

**Corporations:** TRANSFER OF STOCK: *Notice.* The knowledge by an attaching creditor and the officer levying the attachment on corporate stock, of a previous transfer thereof by the debtor, which has not been entered upon the books of the company, does not protect the transfer from the effect of Code 1873, section 1078, providing that the transfer of shares of stock is not valid, except as between the parties thereto, until it is regularly entered upon the books of the company. Citing *Bank v. Hasting,* 7 Colo App. 129 (42 Pac. Rep. 691); *In re Murphy,* 51 Wis. 519; *Bank v. Cutler,* 49 Me. 315; *Weston v. Mining Co.,* 5 Cal. 186; *Bank v. Folsom,* 7 N. M. 611 (37 Pac. Rep. 253).

**Costs:** REVIEW OF APPEAL. The supreme court will not disturb the taxation of costs where the record does not show what the costs were, and no abuse of the court's discretion is shown.

*Appeal from. Wapello District Court.*—HON. F. W. EICHELBERGER, Judge.

SATURDAY, OCTOBER 23, 1897.

THIS is an action in equity to restrain the defendant sheriff from selling certain shares of stock. The lower court found for the plaintiffs as to ten shares of the stock, and perpetually enjoined their sale. As to the other shares in controversy, the finding was for the defendants, and as to them the temporary injunction was dissolved, and a special execution ordered to issue for their sale. It was further decreed that plaintiffs pay two-thirds of the costs, and the defendants pay one-third. The plaintiffs except and appeal.—*Affirmed.*

*W. S. Coen* for appellants.

*Morris & Lowenberg* for appellees.

KINNE, C. J.—I.   It appears from the record that one Antrobus owned certificates of stock in the plaintiff company embracing eleven shares, and that the same were assigned in writing to one Thayer, and were by him deposited with the secretary of the company; that the Ottumwa Screen & Construction Company held a certificate for five shares of stock in plaintiff company, which, when issued, was, by the holder, deposited with plaintiff company, under an oral assignment, as collateral security for two notes which had been signed by the Ottumwa Screen & Construction Company, E. B. Jones, and J. H. Antrobus.   Other certificates are referred to in the record.   As, however, the court found in plaintiff's favor as to them, they need no further consideration.   Fair, Williams & Co., having a judgment in their favor as plaintiffs, and against the Ottumwa Screen & Construction Company as defendants, caused an execution to issue thereon, and a levy thereunder to be made by the sheriff upon the shares of stock before mentioned.   Plaintiffs claim that before the sheriff made the levy he had actual notice that the stock had been transferred as before stated.   As to this the evidence is conflicting, though we think it preponderates in favor of plaintiffs' contention.   No entry had been made of the transfer of said shares on the books of the company prior to the completion of said levy.   It appears that when the shares were transferred they were deposited with the secretary of plaintiff company, where they had remained until levied upon; that, where the assignment was in writing, it was attached to the certificate, and in case of oral transfer the company were also notified of it.   Each of the certificates of stock contained this provision: "Transferrable only on the books of said company, in person or by attorney, on surrender of this certificate."

Plaintiffs claim that the transfers were made in substantial conformity to the statute, and that they were as effectual as if entered upon the books of the company. It is also said that, as the officer making the levy had actual notice of the transfer before said levy, the object of the statute was accomplished, and the creditor acquired no lien thereon superior to plaintiffs' lien. On the other hand, it is insisted that the statute provides that, except as between the parties, a transfer of shares not entered on the books of the company is invalid. The statute reads: "The transfer of shares is not valid, except as between the parties thereto, until it is regularly entered on the books of the company, so as to show the name of the person by and to whom transferred, the numbers or other designation of the shares and the date of the transfer. * * * The books of the company must be so kept as to show intelligibly the original stockholders, their respective interests, the amount paid on their shares, and all transfers thereof. * * *" Code 1873, section 1078. The question before us is: Will a transfer made in any other way than that provided in the statute be effectual to transfer the shares as against a creditor of the transferror who has actual notice of such transfer? While this court has held that a transfer of shares not entered on the books of the company will not be valid as against an attaching creditor who has no actual notice of such transfer, the effect of actual notice in case it exists, has not been determined. *Lumber Co. v. Batavian Bank*, 71 Iowa, 270. In that case, in discussing the meaning of the statute, it was incidentally said: "If attaching creditors of the transferror had knowledge of the transfer, it may be that a court of equity would protect the transferree's rights. It has frequently been so held, but that question is not before us." We think the statute should be construed to mean just what it says. We are

not authorized to insert another exception in the statute, which, in effect, we must do if we hold that the attachment lien is not superior to the claims of plaintiffs. Plaintiffs construe the statute as if it read: "The transfer of shares is not valid except as between the parties thereto, and except as between the transferee and an attaching creditor of the transferror who has actual notice of the transfer." That would be ingrafting upon the statute an exception it does not contain. The holding in the case just cited is followed in *Moore v. Opera House Co.*, 81 Iowa, 45. The case of *Bank v. Haney*, 87 Iowa, 106, relied upon by appellants, does not involve a transfer of stock, and has no application to the question here presented. The precise question before us was determined in the case of *Bank v. Hastings*, 7 Colo. App. 129 (42 Pac. Rep. 691). The statute of that state provides that "no transfer of stock shall be valid for any purpose, except to render the person to whom it shall be transferred liable for the debts of the company, unless it shall have been entered in the proper book of the company within sixty days from the date of the transfer, by an entry showing to and from whom it was transferred." General Statute, section 269. It was held that the requirement of the statute was absolute, and that the actual notice or knowledge of a creditor that a transfer had been made before his levy amounted only to knowledge that the transferees had, by their neglect to have the transfer entered upon the proper books, lost their right to the stock, and that it belonged to their transferror, and was subject to attachment at the suit of his creditors. Now, the right of an attachment or execution creditor to take shares appearing in his debtor's name upon the company's books is derived from the act of the legislature, and we do not discover upon what principle courts can deprive a creditor of such right simply because he or the sheriff

had actual notice of a transfer of the stock before the levy was made, when no such exception is to be found in the statute. 1 Morawetz, Corporations, section 199. Under statutes in effect like ours it has often been held that all transfers not entered on the books of the corporation are absolutely void, not because they were without notice, but because made so by statute. *In re Murphy,* 51 Wis. 519 (8 N. W. Rep. 419); *Bank v. Cutler,* 49 Me. 315; *Weston v. Mining Co.,* 5 Cal. 186; *Bank v. Folsom,* 7 N. M. 611 (38 Pac. Rep. 253). The statute provides that a transfer of stock shall not be valid, as to third parties, until it is regularly entered on the books of the company. Its language is explicit. It points out just what must be done to protect the purchaser of stock in his holding as against the claim of creditors of the seller. Its meaning is obvious, and no argument is needed to show the wisdom of its provisions. What might be the rule in case a transferee had exhausted all reasonable means in attempting to procure the officers of a corporation to make the proper entries of a transfer on their books, and they had failed and refused so to do, we need not determine, as no such case is before us. The provisions of the statute requiring an entry in the books of the company is imperative, and in no wise affected by the fact that the creditor seeking to obtain a lien upon the stock, or the officer holding the process, may have actual notice of the transfer before the levy is made.

II. Complaint is made of the order of the court in apportioning the costs. No abuse of the court's discretion is shown. It does not appear from this record what the costs amounted to.

Upon the whole record, the decree below must be AFFIRMED.