NATIONAL CITY BANK OF CHICAGO, Appellee, v. FAIRBANK STATE BANK et al., Appellants.. (And three other like cases.)

CORPORATIONS: Transfer of Shares—Collateral Security—Dual
1 Method of Perfecting Lien—Statute. An assignee or pledgee of corporate stock as collateral security may perfect his lien on the stock against subsequent liens: .
    (1) By taking an actual assignment of the stock on the books of the corporation, or,
    (2) By notifying the secretary of the corporation *in writing* that he holds such stock as collateral security.
    The first method was authorized by Sec. 1626, Code, 1897, *before* its amendment by Chap. 81, 26th G. A. Said amendment, providing a specific method for perfecting a lien on stock held as collateral security, is not exclusive—the former method may still be employed.
    DEEMER and WEAVER, JJ., dissent.

CORPORATIONS: Transfer of Shares—Stock Held as Collateral—
2 Entry on Books—Sufficiency. Whether the lien of a pledgee of corporate stock as collateral security is perfected against subsequent liens by the entry by the secretary of the corporation on the proper books of a notice that such stock is so held, when such entry is made by the secretary because of his actual knowledge that the stock was so held and *not* because of *written* notice of such fact, as required by Sec. 1626, Code, 1897, *quaere.*

CORPORATIONS: Transfer of Shares—Stock Held as Collateral—
3 Omission of Date of Transfer—Effect. An entry on the proper books of a corporation of the fact that certain corporate stock is held as collateral security is not rendered insufficient because of the absence of the *date of transfer* (as literally required by Sec. 1626, Code, 1897) when such entry (without date) was made long

prior to the accrual of the rights of the subsequent claimant of
the stock.

*Appeal from Black Hawk District Court.*—CHARLES W.
MULLAN, Judge.

TUESDAY, JANUARY 18, 1916.

ACTION in equity to enjoin a sheriff's sale under execution
of certain 150 shares of capital stock of the Black Hawk
Building Company. The plaintiff bank claims to hold said
shares as collateral security for a loan. The defendant bank,
as a judgment creditor of the original owner of the shares,
caused a levy of execution to be made upon such shares. The
controversy between the parties turns upon the question
whether the method adopted in the transferring of the shares
as collateral security to the plaintiff was a sufficient compli-
ance with the requirements of the statute, Code Section 1626.
The trial court found in the affirmative, and the defendant has.
appealed.—*Affirmed.*

*Edwards, Longley, Ransier & Smith,* for appellants.

*Williams & Clark,* and *Wade, Dutcher & Davis,* for
appellee.

EVANS, C. J.—In the district court, the question at issue
between the parties was presented in the motion to dissolve
a temporary injunction, and was tried in a hearing upon such

1. CORPORATIONS:
transfer of
shares: col-
lateral secur-
ity: dual
method of per-
fecting lien:
statute.

motion. The parties stipulated, however, that
such hearing should be deemed a final hearing
upon the merits, and that the decree upon this
hearing should be a final decree. The effect
of this stipulation is to treat the allegations
of the petition as true, and to leave the one
question whether upon such allegations the plaintiff is entitled
to injunctional relief.

It appears that, long prior to the levy of defendant's
execution, the execution debtor had transferred the shares in

question to the plaintiff bank as security for a loan of $12,500. Such transfer was indicated upon the books of the corporation by entering upon each stub of the certificate book from which the certificates in question had been detached, the following notation: "Assigned to National City Bank of Chicago, Illinois, as collateral security." This notation was made in the handwriting of the secretary of the corporation. The contention for appellant is that this notation was not sufficient compliance with the requirements of Section 1626. Such section is as follows:

"The transfer of shares is not valid, except as between the parties thereto, until regularly entered upon the books of the company, showing the name of the person by and to whom transferred, the numbers or other designation of the shares, and the date of the transfer; but such transfer shall not exempt the person making it from any liability of said corporation created prior thereto. Its books must be so kept as to show the original stockholders, their interests, the amount paid on their shares, and all transfers thereof; which books, or a copy thereof, so far as the items mentioned in this section are concerned, shall be subject to the inspection of any person desiring the same. [When any shares of stock shall be transferred to any person, firm or corporation as collateral security, such person, firm or corporation may notify in writing the secretary of the corporation whose stock is transferred as aforesaid, and from the time of such notice, and until written notice that said stock shall have ceased to be held as collateral security, said stock so transferred and noticed as aforesaid shall be considered in law as transferred on the books of the corporation which issued said stock, without any actual transfer on the books of such corporation of such stock. In such case, it shall be the duty of the secretary or cashier of the corporation or of the person or firm to which such stock shall have been transferred as collateral security at once, upon its ceasing to be so held, to inform the secretary of the corporation issuing such stock of such fact. The secretary of the

company whose stock is transferred as collateral shall keep a record showing such notice of transfer as collateral, and notice of discharge as collateral, subject to public inspection. No holder of stock as collateral security shall be liable for assessments on the same.]''

That part of the statute which we have enclosed in brackets was not included in the original statute, but was enacted as an amendment thereto by Chapter 81 of the Laws of the 26th G. A. The first premise in the argument of appellant is that the method detailed in such amendment is exclusive and that the method of transfer set forth in the original statute is not applicable or available to a transferee of stock shares as collateral security. We think that the premise cannot be sustained. The original statute was clearly available to a transferee of collateral before the adoption of the amendment. The purport of the amendment was to relieve the transferee of collateral security from the strict requirements of the original statute, and to permit him to serve a written notice upon the secretary of the corporation. There is nothing in the terms of the statute as amended which would forbid such transferee to pursue either course at his option. It is still permissible to the proposed lender to take an absolute transfer of shares and to show such transfer upon the books of the corporation, even though the purpose of such transfer be as security only. The question herein is, then: Was there a sufficient compliance by the appellee with either statutory method? The appellant contends that neither method was sufficiently complied with. The appellee contends that both were. As to the second method, it is conceded that there was no *written* notice by the transferee to the secretary of the corporation; but it is urged for appellee that there was actual notice to such secretary, and that the secretary acted thereon and made the record upon his books, which was required by the statute; that a written notice had no other function to serve than to accomplish such record; that the secretary was

2. CORPORATIONS: transfer of shares: stock held as collateral: entry on books: sufficiency.

not bound to make the record until he should receive the written notice; and that such written notice was for his protection. On the other hand, the argument of the appellant is that, under the second method, the duty of the transferee was to serve the written notice and that this was his only duty; having failed to do this, it was equivalent to doing nothing. Because of our conclusion upon the other question presented, we do not find it necessary to determine this one. We therefore turn our attention to the first method.

3. CORPORATIONS: transfer of shares: stock held as collateral: omission of date of transfer: effect. The principal defect of proceeding under this method pointed out by appellant is that the transfer indicated upon the books of the corporation did not show the date of such transfer. The whole question under this method is ruled by *Perkins v. Lyons,* 111 Iowa 192. The notation in that case was " 'With Brattleboro S. B. as collateral.' " It was held in that case that the omission of the date was not fatal to the entry, it being made to appear that it had been made long prior to the levy. Such is the situation herein. The notation under consideration herein is much more definite than that in the *Perkins* case. It is argued for the appellant that the *Perkins* case was wrongly decided. It has stood for 15 years as our construction of this statute. The parties herein presumably relied upon it and adapted themselves to it in their original transaction. Rights of property have arisen under it, and we would not be justified in opening to new argument the question then settled. The course adopted by the transferee in this case complied with the substantial requirements of the statute as construed in the *Perkins* case.

The judgment below will therefore be—*Affirmed.*

LADD, GAYNOR, PRESTON and SALINGER, JJ., concur.

DEEMER and WEAVER, JJ., dissent.

DEEMER, J. (Dissenting)—Under the rule in this state, statutes regarding the transfer of corporate stock must be

strictly followed, in order that a sale or pledge thereof may be binding upon anyone save the parties to such sale or pledge. *Moore v. Marshalltown Opera-House Co.*, 81 Iowa 45; *Ft. Madison Lumber Co. v. Batavian Bank et al*, 71 Iowa 270; *Ottumwa Screen Co. v. Stodghill*, 103 Iowa 437; *Perkins v. Lyons et al.*, 111 Iowa 192. It is entirely immaterial that a stranger had actual notice of the transfer or pledge, for the statute provides the only methods of transfer. See cases just cited. Before the amendment to the statute by the 26th General Assembly, which amendment is pointed out by the majority, one who took an assignment of stock in pledge or as collateral security might, it seems, have the stock so pledged or assigned transferred to him, either as if he were owner or as pledgee or bailee, and such transfer was regarded sufficient. But this character of transfer produced much confusion because of the questions arising as to the voting power of the stock, the rights of the holder or pledgor or assignor thereof after such transfer, and the liability of the pledgee or holder for assessments or calls thereon after transfer of the stock. That such transfer was valid as to strangers was held in *First National Bank of Waterloo v. Park*, 117 Iowa 552; *Perkins v. Lyons, supra.* The manifest object and purpose of the amendment to the statute was to provide a method for the transfer of stock which was assigned or pledged as collateral security, other than a transfer upon the stock books of the company, and, as I view it, the only question in this case is whether or not this new method is exclusive, or is it simply a cumulative remedy? The original method was by absolute transfer upon the books of the company, and this evidently meant the stock books; the new method does not contemplate any transfer of the stock upon the books, but written notice of the transfer to the secretary of the company and an entry by him upon another book or books showing the notice, and also a like entry showing the discharge of the stock. Such form of transfer in no manner complicates the situation regarding the voting powers of the stock, or the

liability for assessments. The mischief which the amendment
to the statute was intended to cure is apparent, and the act
itself is clear and unambiguous. *Tierney v. Ledden,* 143 Iowa
286. Was it intended as an exclusive method of giving notice
of the transfer of corporate stock as collateral? In *Tierney
v. Ledden, supra,* we said:

"The design of the last-quoted section was to enable
stockholders to hypothecate their shares of stock without can-
cellation thereof and the issuance of new stock, and yet pro-
tect the pledgee against the claims of the creditors of the
pledgor and purchaser without notice. *Moore v. Marshalltown
Opera-House Company,* 81 Iowa 45; *Ft. Madison Lumber Co.
v. Batavian Bank,* 71 Iowa 270; *Ottumwa Screen Co. v. Stodg-
hill,* 103 Iowa 437; *First National Bank of Waterloo v. Park,*
117 Iowa 552. In any event, our duty ends in construing the
statute in accord with the manifest purpose of the lawmakers
which, as seen, results in exempting the holders of stock as
collateral security from liability as stockholders."

So that, under the law as amended, no transfer of shares
upon the books of the company is to be made where the stock
is assigned as collateral security.

Much reliance is placed upon the use of the word "may"
in the amendatory statute, because the term is permissive
rather than mandatory. Fortunately or unfortunately, the
word has no such significance. All depends upon the nature
and purpose of the act in which it is found. *Minor v.
Mechanics' Bank of Alexandria,* 1 Pet. (U. S.), 44, 64; *Presi-
dent, Director & Company of the Newburgh and Cochecton
Turnpike Road v. Miller,* 5 Johns. Ch. 101. The word is quite
as often used in an imperative as in a permissive sense. As a
rule, whenever there is a grant of right, either to the public
or to particular individuals, the use of the word "may" is
regarded as mandatory. *Wendel v. Durbin,* 26 Wis. 390. *Perkins
v. Lyons, supra,* relied upon by the majority, instead of being
an authority in support of the proposition that the amendment
to the statute prescribes a cumulative method of transfer or

notice thereof, is, to my mind, an inferential holding to the contrary; for the court deemed it material to ascertain whether or not the amendatory act of the 26th General Assembly was retroactive so as to be applicable to the facts as found. That question was of no importance whatever if the amendment to the statute provided simply a cumulative remedy. My thought is this: The statute now provides the method for the transfer of stock, one where the sale thereof is absolute, and the other where it is qualified as a pledge or assignment for collateral security. In the former case, the stock is actually transferred upon the books of the company, and in the other, it is not transferred at all, save that possession is delivered to the pledgee or bailee, and such a holder gives notice of the pledge to the secretary of the company, and the secretary enters such notice, not upon the stock books, but upon another book kept for the purpose of showing such transfers. To hold that an assignee or pledgee of stock held as collateral may now adopt either method at his election is to return to the confusion which existed prior to the amendment to the statute and to add thereto, because an inspection of the corporate records would be likely to be more confusing than if there had been no change in the statutes. I am not now including cases of transfer as collateral security where the parties by contract agree to a complete transfer of the stock upon the books of the company for the purpose of giving the pledgee or an assignee a right to vote and to absolutely control the stock; for that question is not now before us. There is no doubt that the assignment of the stock in this case was purely as collateral security. Under the statute as amended, creditors or others interested in knowing whether stock has been assigned as collateral have the right to rely upon notice's being given to the secretary of the corporation, as required by the amendment to the statute, and have a right to be informed of that fact by the books which the secretary is required to keep, showing all such assignments. If these provisions of the law have not been followed, a creditor is justi-

fied in believing that no such assignments have been made. On the other hand, one dealing with stock has the right to purchase it from the holder of record, and, if there be nothing on the record showing an assignment as collateral, one has the right to buy stock standing in the name of the holder, although he may have actual notice that the transfer was as collateral only. As the remedies are not, in my opinion, cumulative, and as the transferee in this case did not comply with the statute, as amended, I think the plaintiff should be defeated, and for that reason vote to reverse.