MRS. J. J. MALONEY, Appellee, v. H. F. STORJOHANN, Appellee; E. H. HOYT, Receiver, et al., Appellants.

SEPTEMBER 28, 1928.

*Parrish, Cohen, Guthrie & Watters* and *Thomas & Myers*, for appellants.

*Warren H. White* and *E. C. Roach*, for appellees.

STEVENS, C. J.—On June 10, 1924, judgment for $411,208.32 was entered by the district court of Lyon County in an action commenced therein May 26, 1922, wherein E. H. Hoyt, as receiver of the Interstate Automobile Insurance Company, was plaintiff, and J. J. Maloney, H. T. Hampe, H. F. Storjohann and others were defendants. Execution was immediately issued, and, on June 12th, Park A. Findley, sheriff

of Polk County, levied the same upon 142.4 shares of the capital stock of the Hawkeye Casualty Company, as the property of appellee Storjohann. The stock was at that time held by plaintiff-appellee as collateral security for a note of $27,112.49 payable to her. Appellee commenced this action to have the priority of her lien on the stock over that of appellant established, and to enjoin the sale thereof on execution. In addition to the question of priority, the answer of appellants joined issue on the allegation of appellee's petition that she was the owner of the stock in controversy.

The determination of the issue of priority depends upon the interpretation to be given to Section 1626, Code of 1897 (Sections 8385–8390, inclusive, Code of 1924), relating to the notice to be given by the holder of stock as collateral security. On June 1, 1922, Storjohann executed a promissory note for $25,346.25, payable to J. J. Maloney, at the same time pledging 142.4 shares of the capital stock of the Inter-State Automobile Insurance Company of Rock Rapids, Iowa, as collateral security for the payment thereof. This note was indorsed by the payee to plaintiff-appellee on the date of its execution. On March 1, 1924, Storjohann executed a new note, making the same payable to appellee, for $27,112.49, at the same time pledging the stock in controversy to her as collateral security therefor. Storjohann was at that time secretary of the Hawkeye Casualty Company. He had previously been secretary of the Inter-State Automobile Insurance Company, which was succeeded by the above-named corporation.

The point raised by appellant is that the notice provided for by Section 1626, Code of 1897, was not given until July 12, 1924, which was after the levy was made upon the stock. Appellee contends that the secretary of the corporation had actual notice of the hypothecation of the stock; that informal notice was given to him; and that the sheriff was informed, prior to the levy, that the stock was held by appellee as collateral; and that, therefore, appellant had constructive notice thereof, and is bound thereby. The notice served in July, 1924, complied in all respects with the statute, but, as this was after the levy, it cannot be considered. On December 15, 1923, H. T. Hampe, cashier of a bank in Rock Rapids, Iowa, wrote Stor-

johann, addressing him as secretary of the Hawkeye Casualty Company, regarding the stock, as follows:

"I just delivered the new stock which you sent to me the evening before you left Rock Rapids to J. J. Maloney as collateral to our notes, consisting of certificates in the Hawkeye Casualty Company, No. 452, H. F. Storjohann, 142.4 shares, and No. 451, H. T. Hampe, 47.6 shares, and procured from Maloney the 190 shares of old Inter-State stock which he had and which he gave me in lieu of that which I delivered. I also got him to sign the new note. He made no mention of the interest, so apparently must be satisfied in regard to the arrangement you made while here.

"I will endeavor to make up a statement some day next week for the different bills which I have paid for the company."

It is argued on behalf of plaintiff-appellee that this letter gave actual notice to the secretary of the corporation that the stock had been transferred to plaintiff-appellee as collateral security, and that constructive notice was thereby imparted to appellant. It will be observed that the letter is not signed by, nor does it purport to have been written in behalf of, appellee. The writer of this letter was also indebted to plaintiff-appellee in the sum of $9,037.49 as collateral security for the payment of which she held 47.6 shares of the capital stock of the Casualty Company owned by Hampe and transferred by him for that purpose. The letter was nothing more than a communication from one debtor to the other, advising him that the collateral security previously agreed upon had been delivered to their common creditor, and, in effect, gave notice of nothing not already known to Storjohann.

Section 1626, supra, which requires a transfer of the stock of a corporation to be entered on the books of the company, or that notice thereof be given when pledged as collateral security, is imperative, and no transfer is valid unless one of these provisions is complied with. *Fort Madison Lbr. Co. v. Batavian Bank,* 71 Iowa 270; *Ottumwa Screen Co. v. Stodghill,* 103 Iowa 437; *Perkins v. Lyons,* 111 Iowa 192; *First Nat. Bank v. Way,* 167 Iowa 426; *National City Bank v. Fairbank State Bank,* 173 Iowa 489.

The provision of Section 1626 relative to notice was added

to Section 1078 of the Code of 1873 by Chapter 81, Acts of the Twenty-sixth General Assembly. This statute has always been strictly construed. No record was made upon the books of the company by the secretary of the transfer of the stock. Actual knowledge, however, of the secretary does not supersede the necessity of notice, nor is actual notice of the secretary sufficient to protect the lien of one holding it as collateral security against the claims of creditors who have levied thereon. *Ottumwa Screen Co. v. Stodghill*, supra; *Perkins v. Lyons*, supra; *First Nat. Bank v. Way*, supra.

Counsel for appellee also rely to some extent upon *Iowa-Missouri Grain Co. v. Powers*, 198 Iowa 208. The controversy in that case was between the corporation and the pledgee of the stock. What is there said was addressed to the issues presented. Nothing therein said in any way runs counter to our previous decisions, but, on the contrary, they are cited with approval. The letter referred to was clearly insufficient to meet the requirements of the statute, and, as actual knowledge of the secretary is not alone sufficient, the conclusion on this point that the lien of appellee is junior to that of appellant is inevitable.

Perhaps the claim of appellee that the precise question before us has not arisen in this court since the enactment of Chapter 81, Acts of the Twenty-sixth General Assembly, is correct, but the cases cited must be regarded as controlling upon the subject of constructive notice. The evidence does not sustain appellee's contention that the sheriff had notice of appellee's lien on the stock prior to the levy. On the contrary, it shows affirmatively that the levy preceded notice. Furthermore, we held in *Ottumwa Screen Co. v. Stodghill*, supra, that knowledge of an attaching creditor or of the officer levying the execution is not sufficient to avoid the statute.

The conclusion reached on the point discussed is decisive of the appeal, and other matters referred to by appellant in argument need not be considered. The levy upon the stock was valid, and the judgment and decree enjoining the sale thereof on execution is, accordingly, reversed.—*Reversed.*

All the justices concur.