(CHANCERY.)

## The UNION BANK *of Georgetown* v. LAIRD.

By the act of incorporation of the Union Bank of Georgetown, ch. 86. sec. 11. the shares of any individual stockholder are transferrable only on the books of the bank, according to the rules (conformably to law) established by the president and directors; and all debts due and payable to the bank, by a stockholder, must be satisfied before the transfer shall be made, unless the president and directors should direct to the contrary. Held, that no person could acquire a legal title to any shares, except under a regular transfer, according to the rules of the bank; and if any person takes an equitable assignment, it must be subject to the rights of the bank, under the act of incorporation, of which he is bound to take notice.

A creditor may lawfully take and hold several securities for the same debt, and cannot be compelled to yield up either until the debt is paid; therefore, the bank has a right to take security from one of the parties to a bill or note discounted by it, and also to hold the shares of another party as security for the same.

APPEAL from the circuit court for the district of Columbia.

James Smith, on the 19th of March, 1811, drew a bill at sixty days sight, on James Patton, in favor of Andrew Smith, for 1,800 dollars. This bill was accepted by Patton, and was discounted in the Union Bank of Georgetown, at the instance of Andrew Smith, and when it became due, another bill of the same tenor was drawn and accepted by Patton, and discounted for the purpose of paying the preceding acceptance. This last acceptance became due on the 14th and 17th of July, and was protested for

non-payment; and at the time that it became due, Patton held 50 shares of stock in the Union Bank, which the bank considered liable to the payment of this acceptance, under their act of incorporation.

At this time, also, James Patton had another debt pending in the bank. Being one of the original subscribers to the bank, for the above-mentioned 50 shares of stock, he borrowed of the bank, in January, 1811, the sum of 1,500 dollars, and to enable him to obtain the loan, procured Marsteller and Young, and the defendant, Laird, to become his endorsers. This loan was renewed from time to time, and was continued, without any default of payment, until about the 29th of July, 1811.

On the 26th of March, 1811, Patton obtained from the officers of the bank a certificate of his 50 shares of stock, and on that day delivered it to the defendant, Laird, to secure him, as it was alleged, against his endorsement for Patton.

On the 10th of July, 1811, Patton executed a power of attorney, authorizing the defendant, Laird, to make a transfer of his stock; and on the 22d of August, 1811, he executed a deed of assignment to the defendant, Laird, of his stock: but as this assignment was not made upon the books of the bank, it was not considered a valid assignment, according to the rules of the bank.

Laird, considering himself entitled to the benefit of these shares, under the circumstances, applied to the bank to transfer upon their books the shares for his own benefit. But the bank, upon the ground that the acceptance which Patton had failed to pay,

operated as a lien upon those shares, refused to suffer the transfer to be made until that debt was paid.

Laird, some time after this refusal, to wit, on the 22d of February, 1812, paid the 1,500 dollars, for which he was endorser for Patton, reserving, nevertheless, his equitable claim upon the stock, and then instituted this suit in chancery, against the Union Bank, to compel them to suffer the transfer to be made on their books for his benefit, and to account with him for the intermediate profits. He charged in his bill, that when Patton obtained the certificate of his shares of stock, it was with a view of pledging those shares with him for his indemnification, and that the officers of the bank had a knowledge of this fact. He also alleged, that the power of attorney was granted with the same view.

The directors of the bank filed their answer to this bill, and denied any knowledge of the object for which the certificate of shares was obtained; and alleged, that they knew nothing of any claim of Laird upon those shares, until after the protest of Patton's acceptance.

The court below made a decree in favor of Laird, that the bank should suffer him to transfer the shares for his own benefit, and have an account for the intermediate profits.

March 14th.  The cause was argued by Mr. *Swann*, for the appellants, and by Mr. *Jones*, for the respondent.

March 15th.  Mr. Justice STORY delivered the opinion of the court.

The principal question is, whether, under the circumstances of this case, Laird, the original plaintiff, has a right to a transfer from the bank, of the fifty shares of its capital stock, standing in the name of Patton, without paying the acceptance of Patton; or, in other words, whether Laird has a priority of lien upon these shares. By the 11th section of the act of incorporation, (act of 18th February, 1811, ch. 86.,) it is enacted, " That the shares of the capital stock, at any time owned by any individual stockholder, shall be transferrable only on the books of the bank, according to such rules as may, conformably to law, be established in that behalf, by the president and directors; but all debts actually due and payable to the bank (days of grace for payment being passed) by a stockholder, requesting a transfer, must be satisfied before such transfer shall be made, unless the president and directors shall direct to the contrary." The certificate, issued to Patton for the 50 shares held by him, (which is in the usual form,) declares the shares to be " transferrable at the said bank, by the said Patton, or his attorney, on surrendering this certificate." No person, therefore, can acquire a legal title to any shares, except under a regular transfer, according to the rules of the bank; and if any person takes an equitable assignment, it must be subject to the rights of the bank, under the act of incorporation, of which he is bound to take notice. The president and directors of the bank expressly deny that they have waived, or ever intended to waive, the right of the bank to the lien, for debts due to the bank, by the form of the certificate, and

1817.

Union Bank
v.
Laird.

that they ever directed any transfer to be made to Patton which should stipulate to the contrary. Under such circumstances, it must be held, that the shares are responsible for the debts due to the bank.

The next inquiry is, whether the bank has done any thing to deprive itself of the lien upon the shares for the acceptance of Patton, since the same became due, and to let in the equitable title of the plaintiff. The acceptance is not yet paid; and nothing has been done by the bank affecting its rights, unless the subsequent taking of security for the acceptance from Smith, can be construed so to do. Certainly the bank had a right to require additional security from the endorser of the acceptance; and it cannot be perceived upon what principles this can be construed an extinguishment of its lien upon the shares of the acceptor. A creditor may lawfully take and hold several securities for the same debt from his joint debtors; and he cannot be compellable to yield up either until his debt is paid. And in this case, there is no want of equity in holding the shares of Patton, who is the immediate debtor to the bank, liable in the first instance, rather than resorting to the security of an endorser, who is only liable upon the default of the acceptor.

The decree of the circuit court must, therefore, be reversed, and the bill be dismissed.

Decree accordingly.