## NEW YORK SUPERIOR COURT.

WILLIAM R. McCREADY agt. JOHN W. RUMSEY, President of the Suffolk Bank.

Under the decision of the court of appeals (*Mechanics' Bank case,* 3 *Kern.,* 599) an *assignee* of a certificate of stock of an incorporated company cannot thereby acquire any rights against the corporation *superior* to those possessed by the assignor. He is to be deemed an assignee of a thing in action not negotiable, and as succeeding merely to the rights and equities of the assignor.

This rule applied to this case, where the plaintiff, as assignee, brought his action against the bank organized under the general banking law of 1838, for a transfer of certificates of stock on the books of the bank, *held* that the bank might assert its lien upon the stock as security for the notes given for the stock subscription by the assignor, and had a right to sell the stock to obtain payment of the notes. Complaint dismissed.

*General Term, February,* 1857.

*Before* OAKLEY, Ch. J., BOSWORTH and HOFFMAN, *Justices.*

THE facts of the case will appear sufficiently in the opinion.

Mr. HARDENBROOK, *for plaintiff.*
Mr. PHELPS, *for defendant.*

By the court, OAKLEY, Chief Justice.   This action is brought against Mr. Rumsey, as president of a bank, organized under the general banking law of 1838.

The nineteenth section of that act declares that the shares of stock shall be transferable on the books of the association in such manner as may be *agreed on* in the articles of association.   (1 *R. S.*, *4th ed.*, 1147.)

Sections two and three of article two, and sections one, two, three and four of article five of the articles of association are valid and as efficient as if forming parts of a special charter.

As between the bank and Jenkins, the former, by force of the articles of association, to which the latter was a party, had a lien on this stock as security for the notes given for the stock subscription, and had a right to sell the stock to obtain payment of the notes.

The plaintiff has not obtained as yet a legal title to the stock.   To obtain that a transfer must be made on the books of the association, signed by the shareholder, or his duly authorized attorney, in writing.

Unless by a transfer, made in a different manner, the assignee of a certificate can acquire no rights and equities against the corporation superior to those which the assignor had, the defendant may assert its lien upon the stock as against the plaintiff, precisely as it could have done against Jenkins.

The opinion of the court of appeals in the *Mechanics' Bank* agt. *The New York & New Haven Railroad Company,* (3 *Kern. Rep.,* 599, 629,) is explicit in asserting the proposition that an outside transfer of a certificate will confer upon the assignee merely such rights as his assignor possessed.   The proposition is argued at great length, and its soundness is so often and directly declared that we are not at liberty to regard it as an *obiter dictum.*

Applying that rule to the facts of this case, the complaint should be dismissed, unless the plaintiff elects to have a

transfer of the stock upon the books of the company, upon the terms of ratifying the incumbrances, which are a lien upon it.

Independently of the decision made in the *Mechanics' Bank* agt. *The New Haven Railroad Company*, it is not clear that the lien of the defendants could be asserted, if it be conceded that its rights are not weaker than they would have been if the bank was incorporated by a special act containing the provisions formed in the articles of association of the present defendant.

The plaintiff is a purchaser for value without notice of the equitable lien of the defendants.

The Chancellor, in *Stebbins* agt. *The Phœnix Fire Ins. Co.*, (3 *Paige*, 350, 362,) intimated the opinion " that the defendant could not be permitted to enforce a lien against *bona fide* purchasers of the stock who had no notice of such equitable lien;" but it was unnecessary to the decision of that case to consider that question. The charter of that company contained a provision in effect like section four of article two of the defendants' articles of association.

The Chancellor's *dictum* is not necessarily opposed to the decision made in the *Union Bank* agt. *Laird*, (2 *Wheat. Rep.*, 390.) In the latter case Laird took the transfer as security against a pre-existing liability. He was not, therefore, a purchaser for value paid for the certificate, and on the faith thereof.

In *Bates* agt. *The New York Ins. Co.*, (3 *J. C.*, 238,) the decision was put on the ground that all stock dividends declared before the company was *notified* of the transfer of the stocks being money in its hands, it might equitably apply upon a debt *actually due*, and owing by the person who held the legal title on the books of the company ; but that on the stock being paid for in full by the purchaser, the company could not refuse a transfer until it was paid the whole sum owing to it, by the shareholder having the legal title at the time the transfer was demanded. The

purchaser having been compelled to pay the debt to obtain a transfer of the stock to himself on the books of the company, he was allowed to recover the money back in an action for money had and received.

When there is nothing in the terms of a certificate to indicate that the stock has not been fully paid for,.and an outside purchaser of the certificate has no notice that it has not been paid for, it is difficult to perceive why he should be any more affected by a *lien* for *that*, created by articles of association, than by a lien for an unpaid note, which has been discounted in the ordinary course of business. ( *Vide the Bank of Utica* agt. *Smalley,* 2 *Cowen's Rep.,* 770, 778; *Gilbert* agt. *The Manchester Iron Manufacturing Company,* 11 *Wendell's Rep.,* 627.)

In the *Mechanics' Bank* agt. *The New York & New Haven Railroad Company,* (3 *Kernan's Rep.,* 629,) the court said that " before an assignment of a stock certificate could be admitted to confer on the assignee a better title than the assignor had, it must be shown to have not only the negotiable qualities of a bill of lading, but others, also, which that instrument does not possess."

" It is mainly by assuming for these instruments the progression in a greater or less degree, of the peculiar qualities of negotiable securities, that the plaintiffs' claim to have acquired by transfer better rights than their assignor had; and, as that assumption fails, this claim must fall to the ground." (*Id.*)

" While it may be the effect of a stock certificate to give to the holder a credit, its terms do not request, invite or guarantee it." (*Id.,* 630.)

" But to say that, like a letter of credit, . . . it contains any assurance or guarantee addressed to the dealer of the safety of the transaction, is, in my judgment, to confound plain and long settled distinctions." (*Id.,* 630, 631.)

We think it quite clear that the court of appeals meant to decide, and to be understood as deciding, that an assignee

of a certificate could not thereby acquire any rights against the corporation superior to those possessed by the assignor; that he was to be deemed an assignee of a thing in action not negotiable, and as succeeding merely to the rights and equities of the assignors. Applying that rule to this case, the complaint should be dismissed. (*See R. S., 4th ed., p.* 1147, §170, *and id.,* 1152, §196.)