JULIA H. HERRICK v. HUMPHREY HARDWARE COMPANY.

FILED MAY 17, 1905. No. 13,809.

1. **Trover** will lie for the wrongful conversion of shares of stock in a corporation.

2. **Conversion: SHARES OF STOCK.** Any act of dominion wrongfully exercised over another's property in denial of his rights or in-

consistent with them may be treated as a conversion. And this is true of shares of stock as of any property.

3. ——: ——. When under its by-laws or under a statute it is necessary that the transfer of the stock be made on its books, and the corporation wrongfully refuses to make the transfer, such refusal is a conversion of the stock.

4. The powers of a corporation in effecting its objects are as broad and comprehensive as those of an individual, when not expressly prohibited.

5. Lien on Shares of Stock. A corporation has no lien upon the shares of its stockholders for debts due from them to the company, unless such lien is provided for by statute or by the charter or by-laws of the corporation.

ERROR to the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Wilson & Brown,* for plaintiff in error.

*Charles O. Whedon, contra.*

OLDHAM, C.

This was an action for damages for the unlawful conversion by the defendant hardware company of ninety-nine shares of its capital stock. The petition, after alleging the incorporation of the defendant company, charged that on the 2d day of May, 1902, the defendant executed and delivered to one Francis B. Chapman a certificate evidencing his ownership of ninety-nine shares of the capital stock of the defendant company, of the value of $100 each; that the certificate of stock was in the following language: "This certifies that Francis B. Chapman is the owner of ninety-nine shares, of one hundred dollars each, of the capital stock of the Humphrey Hardware Company transferable only on the books of the corporation by the holder hereof in person or by attorney, upon the surrender of this certificate properly endorsed"; that on the 30th day of May, 1903, the plaintiff purchased said shares of the capital stock of the defendant company, evidenced by said certificate, and became the owner thereof; that on the

same day the plaintiff presented said certificate of stock to the defendant and to its president and its secretary and treasurer, and demanded of them the transfer of said stock upon the books of the defendant, and demanded the issue of a certificate to her evidencing her ownership, and then and thereby offered to surrender to defendant its original certificate of stock that had been issued to said Chapman and by him duly indorsed to the plaintiff; that the articles of incorporation of the defendant company contained the following provision: "Transfers of capital stock shall not be notice to the corporation unless a minute of such transfer shall be entered on the stock ledger"; that the by-laws contained a provision that "the secretary shall keep a record of the transfers of the capital stock of the corporation." The petition then alleges that the defendant, its president and secretary refused to accept the surrender of the old certificate, and refused to register the transfer of the shares to the plaintiff upon the books of the company, or to issue new shares in lieu of the old, and by such wrongful act denied plaintiff the right to participate in the affairs of the corporation as a stockholder, and converted the stock evidenced by the certificate, which she had purchased from Chapman, to its own use. And said defendant and its officers based their refusal to so transfer said shares and issue to her a certificate therefor upon the sole ground that said Francis B. Chapman was indebted to said defendant in the sum of about $211, and that defendant had a lien on said stock for said sum. And the plaintiff alleges that neither the articles of incorporation of the defendant nor its by-laws provided for any such lien or contained any provision whatever on that subject. The petition prayed for a judgment for $9,900, the par value of the stock said to be converted. The defendant filed an answer to this petition, admitting that it was a corporation, and admitting that on the 2d day of May, 1902, it delivered the said certificate of stock to Chapman as alleged in the petition, and admitting that the business of the corporation was to some

extent under the direction of its president and secretary. The answer then pleads an alleged lien on the certificate of stock, purchased by the plaintiff, to secure an indebtedness of $211 owed by said Chapman to the defendant company; that this lien existed by virtue of a written instrument, as follows:

"Dec. 1, 1902.

"*The Humphrey Hardware Co., Lincoln, Neb.*

"I desire to place in the hands of the stockholders of the Humphrey Hardware Co. my honorable resignation as manager of this incorporation. The same to take effect immediately, Jan. 1st, 1903. All of my interest in the incorporation I turn over to Myron E. Wheeler, Secy. & Treas. of the incorporation. Thanking the stockholders in this incorporation for their consideration, and wishing them abundant success in the future, I remain,

"Very respectfully,

"Francis B. Chapman,
"*Manager H. H. Co.*"

The answer further denies every allegation not specifically admitted, and also pleads defect of the parties plaintiff. Plaintiff by way of reply specifically denied any notice of the alleged lien of the defendant on the shares of stock, either at or before time of purchase, and denied each and every allegation in the answer which did not confess the allegations of the petition. On the issues thus joined a jury was impaneled, and the trial commenced. The defendant objected to the introduction of any testimony offered by the plaintiff, because the petition failed to state a cause of action in favor of the plaintiff against the defendant. The trial court sustained the objection, and ordered that the jury be discharged from further consideration of the case, and it was "considered and adjudged by the court that the action be, and hereby is, dismissed at the cost of the plaintiff. * * * To which the plaintiff duly excepts." To reverse this judgment plaintiff brings error to this court.

But one question is presented for determination by this record, and that is whether or not the petition of the plaintiff, or more properly speaking, the petition, answer and reply raise an issue which shows a right of recovery in the plaintiff against the defendant for the conversion of her shares of capital stock in the corporation by the refusal of its officers to register the transfer of such stock on the books of the company, or to issue a new certificate of stock in lieu of the old one which she offered to surrender. A certificate of stock in a corporation is not the stock itself, but rather the evidence of the holder's ownership of the stock, and of his rights as a stockholder to the extent therein specified. "They are," as said by Clark and Marshall, Private Corporations, sec. 378a, "muniments of title, but not the title itself; much less the real property." When plaintiff purchased the shares of stock in dispute from Chapman, and received the certificate from him properly indorsed, she then became possessed of. the evidence of the right to be a stockholder in the corporation, and to enjoy all the privileges and immunities of a stockholder to the extent of the stock, and, as between herself and Chapman, she was the owner of the stock. In an early case (*Neiler v. Kelley*, 69 Pa. St. 403) it was held that, because of the fact that shares of stock are intangible personal property, trover would not lie for the conversion of the stock, although it might lie for the conversion of the certificate. The decision dealt with so many judicial niceties that it found no favor either with the courts generally or with the text-writers; and it is now almost universally held that the action will lie for the conversion of the stock itself, as well as for a conversion of the certificate which evidences it. *McAllister v. Kuhn*, 96 U. S. 87; *Anderson v. Nicholas*, 28 N. Y. 600; *Jarvis v. Rogers*, 15 Mass. *389; *Ayres v. French*, 41 Conn. 142; *Sturges v. Keith*, 57 Ill. 451; *Daggett v. Davis*, 53 Mich. 35; *Carpenter v. American B. & L. Ass'n*, 54 Minn. 403.

Any act of dominion wrongfully exercised over another's property in denial of his right or inconsistent with it may

be treated as a conversion. And this is as true of shares
of stock as it is of any other property. 2 Clark and Mar-
shall, Private Corporations, sec. 379b, and the cases there
cited. A conversion of the stock may be by a third party
or by the corporation itself. When under its own by-
laws, or under a statute, it is necessary that the transfer
of the stock be made on its books, and the corporation
wrongfully refuses to make the transfer, such refusal is a
conversion of the stock. *Bond v. Mt. Hope Iron Co.*, 99
Mass. 505; *Joslyn v. St. Paul Distilling Co.*, 44 Minn. 183,
46 N. W. 337; *Craig v. Hesperia L. & W. Co.*, 113 Cal. 7.

Now, it appears clearly from the allegations of the peti-
tion that under the articles of incorporation and the by-
laws of the defendant company, as well as by the pro-
visions of the stock certificate itself, the shares of stock
in controversy were transferable only on the books of the
corporation upon the surrender of the certificate properly
indorsed, and that the company would not recognize a
transfer of stock not entered on its books. It is urged,
however, by the counsel for defendant in error that under
the statutes and the constitution of Nebraska plaintiff was
not denied any substantial right by defendant's refusal to
register the transfer of the stock on its books and to re-
issue the stock, and he cites in support of this contention
so much of section 124, chapter 16, Compiled Statutes,
1903 (Ann. St. 4117), as provides: "Every corporation, as
such, has power: * * * *Fifth*, to render the interest of
the stockholders transferable"; and also section 125 of the
same chapter, which provides: "The powers enumerated in
the preceding section shall vest in every corporation in
this state, whether the same be formed without or by legis-
lative enactment, although they may not be specified in its
charter, or as articles of association." He cites so much
of section 5, article XIb of the constitution, as declares:
"The legislature shall provide by law that in all elections
for directors or managers of incorporated companies, every
stockholder shall (have) the right to vote in person or
**proxy, for** the number of shares of stock owned by him,"

etc. Now, the question arises, are the condition of the certificate and the provisions of the by-laws of the defendant company, which require the assignment of stock certificates to be entered on the books of the company, in conflict with these provisions? We think that they are not. The statute provides for and authorizes corporations to make the shares of their stock transferable, and the by-laws and the stock certificates of the defendant were issued to carry this provision into effect. The constitution provides that every stockholder shall have a right to vote the shares of stock owned by him at the elections of directors, but it does not provide that every owner of stock, as distinguished from every stockholder, shall have this right. The powers of a corporation in effecting its objects are as broad and comprehensive as those of an individual when not expressly prohibited. *Thompson v. Lambert,* 44 Ia. 239. The object of having transfers of stock recorded upon the books of the company is to give the company notice of whom its stockholders are. Ordinarily the officers of the company in conducting the elections or distributing dividends will not look behind the books to ascertain who are the real owners of the stock. *Haskell v. Read,* 68 Neb. 107; *In re Argus Printing Co.,* 1 N. Dak. 434, 48 N. W. 347; *Morrill v. Little Falls Mfg. Co.,* 53 Minn. 371, 55 N. W. 547. We therefore conclude that the refusal of the defendant to register the transfer of the plaintiff's stock on its books, or to issue new stock in lieu thereof, amounted to a denial of a substantial right and was, if done wrongfully, a conversion of the stock.

While it is true that shares of stock are not, strictly speaking, negotiable instruments, yet they partake of the qualities of a negotiable security to such an extent that they pass from indorser to indorsee shorn of all secret liens against the stock in the hands of the original owner. *Keller v. Eureka Brick Machine Mfg. Co.,* 43 Mo. App. 94. It was said in the recent case of *Dempster Mfg. Co. v. Downs,* 126 Ia. 80, 101 N. W. 735:

At common law a corporation has no lien upon the

shares of its stockholders for debts due from them to the company, and, secret liens being discouraged, such a lien will not be enforced, unless created by statute, charter, or by-law.

Both our statutes and the by-laws of this company are silent on the right to create a lien for indebtedness of one of the officers to the corporation. The corporation in this case, according to the admitted allegations of the petition, has made no such provision, and, in any event, to make this defense effective it must be established that the plaintiff bought with notice of the lien. *Bank of Culloden v. Bank of Forsyth,* 120 Ga. 575, 48 S. E. 226.

We are therefore of opinion that the trial court erred in refusing to admit any testimony offered by plaintiff under her petition, and we recommend that the judgment of the court be reversed and the cause remanded for proceedings in accordance with this opinion.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the above opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.