## HARRIS v. MID-CONTINENT LIFE INS. CO. et al.

No. 7894—Opinion Filed June 24, 1919.

(Syllabus by the Court.)

**1. Attachment — Property Subject—Corporate Stock.**

The laws of this state provide for the taking and sale of shares of corporate stock by proceeding in attachment.

**2. Same—Situs of Shares of Corporate Stock.**

For purposes of execution or attachment, the situs of shares of stock is within the state where the corporation resides, and they may lawfully be levied on in such state, though owned by a non-resident.

**3. Conversion—Refusal to Issue Certificates of Stock Bought at Forced Sale.**

Conversion will not lie against a corporation and its officers for their refusal to issue certificates of stock to the purchaser of shares of its stock at attachment sale.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by G. K. Harris against the Mid-Continent Life Insurance Company and H. C. King and R. W. Reece, its president and secretary. Judgment for defendants, and plaintiff brings error. Affirmed.

Geo. T. Webster, for plaintiff in error.

Blakeney & Maxey, for defendants in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of recovering damages for the refusal of the corporation to issue certificates of stock to the plaintiff for certain shares of its stock purchased by him at judicial sale held pursuant to an order issued in an attachment proceeding. Hereafter for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court. Upon the trial court sustaining a demurrer to the petition of the plaintiff, he elected to stand thereon, and now prosecutes this proceeding in error for the purpose of reviewing the action of the trial court. The petition alleged, in substance, that one W. W. Beasley, a resident of the state of Tennessee, was shown by the books of the Mid-Continent Life Insurance Company to be the owner of certain shares of its capital stock, certificates of stock therefor having been issued to him which were in his possession in the state of Tennessee; that the plaintiff in the present action sued Beasley for the recovery of money, securing service on him by publication, and at the same time sued out a writ of attachment, under which the sheriff attached the shares of stock belonging to Beasley by going to the office of the corporation and taking from the stubs of the stock books the data relating to such certificates and leaving a notice with the corporate officers that he attached the defendant's stock in that corporation. The plaintiff also filed an affidavit in garnishment. the validity of which it will not be necessary to consider. The defendant failing to appear or plead in the action, judgment was entered against him, sustaining the attachment and garnishment and ordering the sheriff to sell the shares of stock under said attachment; and thereupon, in obedience to this order, the sheriff sold said stock by taking the stock book of the company, at the company's office, and offering the stock for sale from the stubs thereof; and at the said sale the plaintiff purchased said shares of stock, and the sheriff made a return, showing that he had sold the stock in the manner as before stated. Thereafter the court confirmed the sale. Thereupon the purchaser of said stock demanded of the corporation and its officers that they issue to him new certificates of stock, which they refused to do, whereupon the purchaser commenced this action against the corporation for damages for the conversion of the stock.

The questions presented for consideration may be briefly summarized as follows:

(1) Are shares of stock in a corporation subject to attachment under the laws of this state?

(2) Is an action to recover the value of the stock the proper remedy for the refusal of the defendants to issue the stock to the plaintiff?

The first question must be answered in the affirmative. Section 4815, Rev. Laws 1910, provides that the order of attachment shall require the sheriff to attach the lands, tenements, goods, chattels, stocks, rights, credits, money, and effects of the defendants in his county, not exempt by law from being applied to the payment of the plaintiff's claim. Section 1237, Rev. Laws 1910, provides that—

"Wherever the capital stock of any corporation is divided into shares, and certificates therefor are issued, such shares of stock are personal property."

It seems to us that when we consider how completely the descriptive words of the statute cover all other species of property, the word "stocks" must be held to mean corporate stocks, if it is given any meaning at all. There is no good reason why this class of personal property should not be made subject to the payment of the debts of the owner thereof. Most of the states of the Union provide for the seizure of this species of property by execution or by attachment, and our state forms no exception to the rule. The section of the statute we have just cited, as we have seen, requires the sheriff to attach the "stocks" of the defendant, and section 4819, Rev. Laws 1910, contains specific directions as to how this shall be done. It provides that:

"The order of attachment shall be executed by the sheriff, without delay. He shall go to the place where the defendant's property may be found, and declare that, by virtue of said order, he attaches said property at the suit of the plaintiff; and the officer with two householders, who shall be first sworn or affirmed by the officer, shall make a true inventory and appraisement of all the property attached, which shall be signed by the officer and householders, and returned with the order."

This seems to be all that is required to complete the attachment of intangible personal property of the kind now under consideration, which cannot be taken into custody by the sheriff.

Section 4820 provides as follows:

"When the property attached is real property, the officer shall leave with the occupant thereof, or, if there be no occupant, in a conspicuous place thereon, a copy of the order. Where it is personal property, and he can get possession, he shall take the same into his custody and hold it subject to the order of the court.".

This last section, its seems to us, complements the other two. The first section prescribes what classes of property are subject to attachment and specifically mentions "stocks;" the second prescribes the manner in which the order of attachment shall be executed by the sheriff; and the third provides that, where it is tangible personal property, that is, personal property of which the sheriff can get possession, it shall be taken into his custody. Stocks being intangible personal property which cannot be taken into custody by the sheriff, the attachment of this class of property is complete when section 4819, supra, is complied with. It seems to be well settled that, for purposes of execution or attachment, the situs of shares of stock is within the state where the corporation resides, and that they may lawfully be levied on in such state, though owned by a non-resident. Wait v. Kern River Mining & Dev. Co., 157 Cal. 16, 106 Pac. 98. As was stated in National Bank v. Railway Co., 21 Ohio St. 221, if the corporation were a domestic one, it is clear that the absence of the certificates from the state would cut no figure. Under these authorities it would follow in the case at bar that, while the certificates of stock were in the possession of Mr. Beasley in Tennessee, the intangible shares of stock were in this state, and, unlike other species of personal property, were incapable of being removed therefrom. Wherever such stock constitutes the subject-matter of the action we see no reason why it should not be held to be in the state where the corporation resides. If such stock cannot be reached by the courts of the state and dealt with as right and justice may demand, it would be interesting to inquire how stock can be attached and be subjected to the payment of the debts of the owner. We think our statutes, in harmony with the laws of many other states, furnish a simple and effective answer to this question.

We are unable, however, to agree with counsel for the plaintiff that an action against the corporation and its officers for the recovery of the value of the shares of stock is the proper remedy for the refusal of the officers of the corporation to issue the stock to the plaintiff. In support of this contention counsel invoked the rule that—

"Any act of dominion wrongfully exercised over another's property in denial of his right or inconsistent with it may be treated as a conversion. And this is as true of shares of stock as it is of any other property." 10 Cyc. 609.

We are unable to perceive the application of this rule to the facts disclosed by the record before us. What act of dominion has the defendant corporation or its officers wrongfully exercised over the plaintiff's property in denial of his rights? It is merely charged that they refused to make a transfer of the certificates of stock upon the books of the corporation without pointing out any by-law of the company or law of the state which imposes this duty upon the corporation. While these certificates are in themselves valuable for some purposes, and to some extent may properly be regarded as property, yet they are distinct from the holder's interest in the capital stock of the corporation, and are not goods and effects within the meaning of the statute relating to attachments. They are no more subject to an attachment or trustee process than a promissory note. The debt is subject to attachment, but the note itself, which is simply evidence of the debt, is not. So it is with stock. They may be attached, but the certificates cannot be. Winslow v. Fletcher, 53 Conn. 390, 4 Atl. 250, 55 Am. Rep. 122. We find the precise question now under consideration satisfactorily discussed and decided in National Bank v. Railway Co., 21 Ohio St. 221. In that case the plaintiff was the equitable owner of 40 shares of the capital stock of the defendant, a railway corporation. Certificates for this stock were outstanding in the name and possession of another party claiming title. The defendant refused to acknowledge the plaintiff as a member or stockholder. The action was for the value of the stock and judgment was rendered in favor of the plaintiff. The Supreme Court in reversing the judgment said:

"Now, can it be that, because the defendant refused to assume the peril of deciding between the contending claimants, by issuing other certificates for the same stock to the plaintiff upon demand, it thereby became a wrongdoer and converted the plaintiff's stock to its own use, and rendered itself liable to respond in the full value of the stock to the claimant who could establish his right in a court of law? The mere statement of the proposition refutes it. It may be that the case, as here stated for the plaintiff, shows a good cause of action, but the relief obtained has no correspondence with the injury sustained. It does not appear that the plaintiff has been deprived of any right or privilege belonging to it as a stockholder, but simply that the defendant has refused to acknowledge it to be a stockholder, and to furnish it with evidence of membership. The remedy for this wrong lies in another direction."

We have examined the following authorities cited by counsel for plaintiff in support of their contention that an action to recover the value of the stock is the proper remedy, and do not find them in point: Kimball v. Union Water Co., 44 Cal. 173, 13 Am. Rep. 157; Herrick v. Humphrey Hardware Co., 73 Neb. 809, 103 N. W. 685, 119 Am. St. Rep. 917, 11 Ann. Cas. 201. Some of the authorities cited support the proposition that—

"When under its own by-laws, or under a statute, it is necessary that the transfer of the stock be made on its books, and the corporation wrongfully refused to make and transfer, such refusal is a conversion of the stock." Herrick v. Humphrey Hardware Co., supra.

Assuming that this states a correct principle of law, still we cannot agree with counsel, as we are unable to find anything in the by-laws of the defendant corporation, or in the statutes of the state, which requires the transfer of stock sold under attachment to be entered upon the books of the corporation. While the purchaser of the stock, in these circumstances, becomes the owner of the shares, and entitled to all the rights and privileges of a stockholder, it seems he must rely upon the same evidence of title as the purchaser at attachment sale of any other class of personal property.

Being unable to find any obligation imposed upon the corporation by either its by-laws or the laws of the state, to transfer shares of corporate stock purchased under attachment, we think the trial court was right in sustaining the demurrer to the petition.

For the reasons stated, the judgment of the court below is affirmed.

OWEN, C. J., and RAINEY, HARRISON, and JOHNSON, JJ., concur.