JAMES A. WAGNER, appellee, v. FARMERS HI-YIELD FERTILIZER, INC., et al., appellants.

No. 50174.

(Reported in 109 N.W.2d 439)

MARCH 7, 1961.

REHEARING DENIED MAY 2, 1961.

Stilwill & Wilson, of Sioux City, for appellants.

Gill & Dunkle, of Sioux City, for appellee.

HAYS, J.—The Iowa Industrial Commissioner awarded claimant compensation for injuries he sustained which arose

out of and in the course of his employment. On appeal to the district court the award was affirmed and defendants have appealed.

The single issue presented is whether or not claimant stands in a representative capacity of the corporation which employed him as is provided in section 85.61(3c), Code of Iowa. Barring the application of the said section of the Code, all other attributes necessary to bring claimant within the benefits of the compensation act are conceded.

The commissioner held that there was no legal authority vested in the employer to give claimant the status of "one in a representative capacity" within the purview of section 85.61(3c), which is the real issue here. Thus a detailed factual statement is not necessary. Briefly, the record shows the following situation: The Farmers Hi-Yield Fertilizer, Inc., is an Iowa Corporation, the entire stock therein being owned by John W. Hodgson, who is president, Robert Hodgson, the vice-president, and Cyril E. Jirovsky, secretary and treasurer. The company is engaged in the implement business, farm chemical business, seed business and fertilizers of all types. Its principal place of business is at Blencoe, Iowa, with branches in seven other towns. The three persons above named comprise the Board of Directors of the corporation. Claimant is employed by the corporation at an annual salary and was referred to as the general manager. He was in charge of the office and all operations, although the major decisions were made by the president or secretary. He was authorized to write checks and negotiate loans at the bank, although large checks, loans and contracts were signed by the officers. It is not claimed he was an officer of the corporation. The company included him under the Workmen's Compensation insurance carried by it and he was classified as an employee on its records.

The Articles of Incorporation issued to the company are very brief and make no reference to directors, by-laws or by whom or how the affairs of the company shall be conducted. Under the by-laws, adopted by the company, it provided for a board of three directors, which shall manage the business and property of the corporation; provides for a president, vice-

president and secretary-treasurer; declares the president shall have general and active management and supervision of the business and affairs of the corporation, subject to the direction of Board of Directors, and execute all bonds, mortgages, contracts and other written instruments under the seal of the corporation. The by-laws further provide that the Board of Directors may appoint such other officers and agents as it shall deem necessary who need not be directors and determine their powers and authority.

I. Section 85.61(3c), Code of Iowa, provides: "3. The following persons shall not be deemed 'workmen' or 'employees': c. A person holding an official position, or standing in a representative capacity" must mean something more than the ordinary agent of the employer. Corporations only function through the action of officers and agents. In a sense all agents are representatives of the corporation. Obviously, the statute was not designed to mean that all representatives of a corporation would be barred from the status of an employee. Bouvier's Law Dictionary defines the word "representative" to mean, "One who represents or is in the place of another." We think the legislature used the word here in the second meaning or in the sense of one who stands in the place of an employer. The representative of the employer must be one who is clothed by the employer with all the powers the employer can exercise.

See also Brewer v. Central Construction Co., 241 Iowa 799, 43 N.W.2d 131. We see no reason for changing the interpretation placed on this statute as expressed in the cited cases.

II. It is to be noted that the commissioner did not determine as a fact that claimant was or was not one in a representative capacity, based upon the factual relationship between claimant and his employer-corporation, but that it had no authority to place him in such a capacity, if it did, and hence under the Compensation Act he must be considered to be an employee under section 85.61(2), Code of Iowa.

The Articles of Incorporation are silent as to matters of management and also make no mention of by-laws, however section 491.3(7), Code of Iowa, makes such right inherent in the

corporate body. By-laws adopted by the appellant corporation provide: (10) Property and business shall be managed by a Board of Directors of three; (17) the Board of Directors may appoint such other officers or agents as it shall deem necessary and determine their powers and authority; (21) the president shall have general and active management and supervision of the business and affairs of the corporation subject to the direction of the Board of Directors. He shall execute all bonds, mortgages, contracts and other written instruments under the seal of the corporation.

We think under the general rules applicable to corporate authority and power to delegate the same, the appellant corporation had no legal authority to authorize claimant to "be the corporation" so far as the acts and affairs of the corporation were concerned, if in fact it did attempt to do so. See Dempster Mfg. Co. v. Downs, 126 Iowa 80, 101 N.W. 735; Schroyer v. Jasper County, 224 Iowa 1391, 279 N.W. 118; Dewey v. National Tank Maintenance Co., 233 Iowa 58, 8 N.W.2d 593; 19 C. J. S., Corporations, section 759; 13 Am. Jur., Corporations, sections 969 and 970.

The judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except SNELL, J., who takes no part.