**Donald D. ERICKSEN, Individually and as Administrator of the Estate of Ernest R. Ericksen, also known as E. R. Ericksen, Plaintiff,**

v.

**WINNEBAGO INDUSTRIES, INC., an Iowa Corporation, et al., Defendants.**

**No. 4–71 Civ. 354.**

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 23, 1972.

Speeter, Johnson, Hautman & Olson,
by Vincent E. Johnson, Minneapolis,
Minn., together with Carroll, Cronan,

Roth & Austin, by Thomas A. Foster, Minneapolis, Minn., for the plaintiff.

Doherty, Rumble & Butler, by Frank Claybourne, St. Paul, Minn., and Chapman & Cutler, by Harry P. Lamberson, Paul C. Kosin and Kenneth J. Vauchan, Chicago, Ill., for defendants.

NEVILLE, District Judge.

Plaintiff, Donald D. Ericksen, instituted this diversity action asking for $40,000,000.00 plus broad equitable relief on his own behalf and as administrator of the Estate of his father, Ernest R. Ericksen, who became deceased on March 24, 1968.

Plaintiff's complaint consists of five Counts. He has stipulated in open court, and has stated in his brief, that Counts I, II, and IV are dependent upon the outcome of the motion to dismiss Counts III and V. If these latter two fall, the others must necessarily be dismissed because plaintiff will not be a present shareholder of the two allied or companion corporations in question, and will therefore lack standing to sue to challenge the alleged illegal corporate actions set forth in Counts I, II and IV.

In Count III, plaintiff alleges that his father in 1958, purchased 10 shares of preferred stock in Modernistic Industries of Iowa, Inc., an Iowa corporation which later by change of name became Winnebago Industries, Inc. (Winnebago) on April 13, 1961 when it filed amended and restated articles of incorporation with the Secretary of State of Iowa evidencing its voluntary election to be bound by and to adopt the Iowa Corporation Act as amended and enacted in 1959. Plaintiff's complaint states that the amended articles " . . . recited that they in no way affect the classification, preferences, status or rights of any of the outstanding preferred stock. . . ."

It was undisputed that Winnebago noticed an intention to redeem all preferred stock of the corporation at 110% of par value and accrued dividends on August 12, 1966. Plaintiff's father accepted a check in the amount of $1,115 in consummation of this redemption and apparently was unable to surrender the actual stock certificate but executed an affidavit of loss, which was accepted.

Plaintiff seeks to rescind this redemption and to secure a return of the 10 shares of Winnebago stock so as to be able to exercise rights as a present shareholder of the corporation. His grounds are that though the stock certificate itself contained a legend to the effect that the corporation had a right to make the redemption that it did, the amended and restated articles of incorporation contain no such provision and therefore such a redemption could not in law be effected, so that plaintiff's father thus was defrauded when he agreed to and accepted the redemption.

Count V of plaintiff's complaint presents somewhat the reverse situation. Plaintiff alleges that an Iowa corporation was formed by the individual defendants as a type of sister or brother corporation to Winnebago known as Stitchcraft Corporation; that plaintiff's father was issued 434 preferred shares, $100 par value in said corporation; that the stock certificate or certificates contained no provision or legend on their face relating to redemption but the articles of incorporation, filed in 1963 contained a callable provision by which the corporation at any time could redeem the preferred stock at the par value of $100 per share. After plaintiff's father became deceased, a notice of redemption was duly given to and received by plaintiff. Plaintiff has refused to surrender the stock and still holds the 434 shares, the corporation meantime having deposited in a bank in an escrow account $43,400, the par value of the preferred stock, to be paid to plaintiff on surrender of the stock. Plaintiff's contention in regard to Stitchcraft is that though the articles of incorporation contained a provision for calling and redeeming the preferred stock by the corporation, such was not effective because not contained on the stock certificate itself. Plaintiff asks the court *inter alia* for declaratory

relief to invalidate the attempted redemption to the end that plaintiff will be recognized as a present common rather than a preferred shareholder of Stitchcraft. He also asks for an award of damages.

■ As to both counts III and V plaintiff alleges common law fraud and a violation of the federal securities laws including 17 C.F.R. 240 10b5 promulgated thereunder. Coming first to Count III, the Winnebago stock, plaintiff asserts that any restriction on a corporation's preferred stock must be contained in both the articles of incorporation and the certificates. Plaintiff bottoms its contention on the argument that the new Iowa Business Corporation Act (1959) is controlling, and that this "new act" by resolution of its Board of Directors was adopted by Winnebago and thereby made applicable to it in 1961. Chapter 496A.14 of the Iowa Code Annotated, the "New Act", provides that redemption restrictions can only be imposed when so provided in the articles.

The court is not persuaded that the New Act is controlling in this instance. Plaintiff's father bought the ten 6% preferred par value $100 stock of Modernistic Industries, now Winnebago Industries, in 1958, some three years before Winnebago adopted and agreed to be bound by the New Act. At that time the Iowa General Corporation Law, Chapter 491 et seq. of the Iowa Code Annotated, referred to as the "Old Act" governed. Plaintiff admits that the "Old Act" was silent as to whether a valid redemption could be carried out without being so provided in the articles of incorporation, even though the restriction is contained on the face of the stock certificate. The question really is whether the stock certificate held by the plaintiff's father, which expressly provided for the redemption, constituted a contractual agreement between Winnebago and plaintiff's father. An older Eighth Circuit Court of Appeals case is dispositive of both issues in favor of the defendants. The case of Continental Ins. Co. v. Minneapolis, St. P. & S. S. M.

Ry. Co., 290 F. 87, 91, 92 (8th Cir. 1923), cert. denied, 263 U.S. 703, 44 S. Ct. 33, 68 L.Ed. 515 (1923), stands for the proposition that the relationship between a corporation and its shareholders is contractual. Furthermore, the provisions of the contract are to be found in the articles, by-laws or on the certificates themselves; but where the provisions of the certificates are inconsistent with the articles, the articles will be given preference. Similarly by negative implication, it appears that where the articles are silent on the subject, the provisions on the certificates govern. See also Stafford v. Produce Exchange Banking Co., 61 Ohio St. 160, 55 N.E. 162 (1899); Estate Funds, Inc. v. Burton-Fifth Ave. Corp., Sup., 111 N.Y.S.2d 596 (1952). The redemption provision contained on the stock certificates of plaintiff's father constituted a contractual agreement between Winnebago and plaintiff's father as a shareholder.

Further, the new act provides in Section 496A.142:

"The provisions of this chapter becoming applicable to any domestic . . . corporation shall not affect any right accrued or established . . . under the provisions of chapter four hundred ninety-one [491] [the old act] . . . ."

Since the old act did not require a statement of right to redeem in the articles, and since plaintiff's father's stock was issued under the old act in 1958, the above section of the "old act" would seem to be applicable and another reason to dismiss Count III of plaintiff's complaint. This court therefore holds that as to Count III, the 1966 redemption was authorized, legal and binding on the plaintiff's father and thus on plaintiff in this suit. The court need not opine as to the defendant's other defenses as to Count III, including the alleged pleading defect for failure to allege any actual damages.

Count V of the complaint is similar to Count III in that it is also based upon common law fraud and a violation of

Regulation Sec. 10b–5. In 1963 the plaintiff's father acquired the 434 shares of Stitchcraft 6% preferred stock, and the allegation is that defendants failed to disclose to the plaintiff's father that the articles of incorporation contained an express provision for the redemption by the corporation of its preferred stock. The Stitchcraft preferred stock was called for redemption in June 1968, and the present action was not commenced until June 23, 1971, more than six years after the acquisition by plaintiff's father of his shares. It is noted that the plaintiff here is not in the position of a bona fide purchaser, since he takes not by purchase but by operation of law from his father.

■ The defendants resist Count V and make a motion to dismiss based upon the grounds that plaintiff's action is barred by the applicable statute of limitations governing fraud. Defendants allege also as other defenses as to Count V that plaintiff has failed to allege and prove facts showing active concealment, and that plaintiff has failed to allege any actual damages. The initial question for the court's determination however is whether Count V is barred by the statute of limitations. If it is, then the court need not opine as to defendants' other defenses. Plaintiff contends that the defense of the statute of limitations can only be pleaded by way of answer and not by motion to dismiss. The court does not agree. The defense of the statute of limitations may be raised by motion for summary judgment, motion to dismiss, or by motion for judgment on the pleadings. Vanderboom v. Sexton, 294 F.Supp. 1178, 1185 (W.D.Ark.1969), rev. on other grounds, 422 F.2d 1233 (8th Cir. 1970); Brictson v. Woodrough, 164 F.2d 107, 110–111 (8th Cir. 1947), cert. denied, 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772; St. Paul, S. & T. F. Ry. Co. v. Sage, 49 Fed. 315 (8th Cir. 1892). The Minnesota statute of limitations in fraud actions is six years, in Iowa five years. The Eighth Circuit has held that in a Section 10 case brought under the Securities and Exchange Act of 1934 the statute of limitations for the forum state applies. See Vanderboom v. Sexton, 422 F.2d 1233, 1236, 1237 (8th Cir. 1970), wherein it is stated:

*"Statute of Limitations*

Section 10 of the Securities and Exchange Act of 1934 contains no statute of limitations. As a result there is some question as to the applicable statute of limitations for the federally created cause of action.

The cases of International Union, United Automobile Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), Cope v. Anderson, Receiver, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947), and Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), as well as a legion of lower court cases, make it clear that when the federal legislative act is silent as to the statute of limitations applicable to it, the limitations period of the forum state is applied."

■■ The question of whether Minnesota's common law fraud statute applies or whether Minnesota's three-year statute of limitations for Blue Sky laws apply is not material here. The Minnesota statute of limitations governing fraud actions is found in Minn.Stat. § 541.05(6) and provides in relevant part as follows:

"The following actions shall be commenced within six years:

. . . . . .

(6) For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;"

Plaintiff argues that his cause of action did not accrue until the date of discovery of fraud, and that the fraud was not discovered until 1968 after the death of his father. Defendant, on the other hand, contends that the statute of limitations began to run in 1963 when the plaintiff's father acquired his Stitch-

craft preferred stock. The defendant argues that at that time plaintiff was deemed to have constructive notice of the duly recorded articles of incorporation of Stitchcraft, regardless of whether he had actual notice. Dempster Mfg. Co. v. Downs, 126 Iowa 80, 101 N.W. 735 (1904); Mason v. Mallard, 213 Iowa 1076, 240 N.W. 671 (1932). The court is persuaded that by accepting stock in an Iowa Corporation every stockholder including plaintiff's father is "charged with knowledge" of the contents of the articles of incorporation. *Dempster, supra,* 101 N.W. at page 736. The Minnesota fraud statute is couched in terms of "discovery", and the court in Universal Film Exchanges v. Swanson, 165 F. Supp. 95, 97 (D.Minn.1958), defines discovery as follows:

> "The word 'discovery' as used in this statute has been construed to mean actual or constructive discovery, so that the six-year period commences to run from the time the facts constituting the fraud were discovered, or, from the time which, in the exercise of reasonable diligence, they ought to have been discovered."

The six-year statute of limitations thus commenced to run in 1963 when plaintiff's father acquired his preferred stock, and he was chargeable as a matter of law with knowledge of the articles of incorporation which had a callable provision for preferred stock.

Count V is therefore barred by application of any of the various statutes of limitations, and the court need not opine as to defendants' remaining defenses as to Count V. The court is of the view that despite the probable application of the Minnesota six-year statute of limitations, the question of the discovery or discoverability of the alleged fraud based on constructive notice imparted from the callable provision contained in the recorded articles of incorporation is governed by Iowa law, the state of incorporation which governs and controls the relationship between a corporation and one of its shareholders.

Since Counts III and V are dismissed, plaintiff is not a present shareholder of either corporation. The net result is that Counts I, II, and IV also must be dismissed because they are predicated upon plaintiff's standing as a present shareholder of one or both corporations.

A separate order has been entered.