[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant is Yale University (Yale), a non-profit corporation organized pursuant to a charter which was confirmed in the Connecticut Constitution of 1965, Article 8, Section 3.
The Yale Divinity School (YDS) is a graduate professional school of Yale whose purpose is to educate men and women for the Christian ministry and to provide a theological education for lay people engaged in other professions.
The plaintiffs are Cynthia Sterling Russell, an heir to John Sterling, a Yale benefactor and donor of funds to the defendant, graduates of the YDS who are also donors of monetary gifts to YDS and current students at YDS.
The plaintiffs have asked for temporary and permanent injunctive relief enjoining Yale from carrying out its plan to reorganize the YDS. The plaintiff also seeks a declaratory judgment that Yale's plans for YDS constitute an abuse of its discretion as trustee of a public charitable trust.
"Standing is established by showing that the party claiming it is authorized by Statute to bring suit or is classically aggrieved." Steeneck v. University of Bridgeport, 235 Conn. 572,579 (1995). This court will address the question of standing of the plaintiffs in the order they are presented in the complaint. CT Page 13980
CYNTHIA STERLING RUSSELL
Cynthia Sterling Russell is described in the complaint as the heir and successor in interest to John Sterling, the original benefactor and donor of funds to erect and maintain Sterling Divinity Quadrangle. The gift to Yale University is a completed charitable gift with restrictions. Carl J. Herzog Foundation Inc.v. University of Bridgeport, 243 Conn. 1 (1997) firmly establishes the principle that donors to not have standing to enforce restrictions on completed charitable gifts. The donor in this case died in 1918; at that time he left in trust sums of money for erection of a building or buildings that would constitute a fitting memorial reflecting his gratitude and affection for his alma mater (Yale). The trustees were given broad discretion in the disposition of these funds and directedif their discretion made it advisable to consult with Mr. Sterling's sisters with regard to use of these funds. The will indicated that the money was not to be used for the purchase of land or as part of Yale's general funds. In 1930 the trustees voted to contribute money for the erection and maintenance of the quadrangle that presently bears his name. No other restrictions exist in the will and no property rights were reserved for his heirs by the will. Additionally the will has no reverting provisions. If John Sterling were alive today he would have no right to enforce the conditions of his gift. It is therefore apparent that his heir and successor in interest lacks standing to bring this suit.
The second group of plaintiffs are alumni donors of money to YDS. As graduates alone it is clear that this group has no real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. The fact that in addition to having graduated from YDS they are donors of unrestricted charitable gifts to their alma mater does not confer standing upon them as a group. This second class of plaintiffs has no standing. Carl J. Herzog Foundation v. Univ. ofBridgeport, supra, page 16.
The third category of plaintiffs are the current students of the YDS. As a general rule, absent special injury to a student or violation of his/her fundamental rights, students do not have standing to challenge the management on operations of the university.The Trustees of Dartmouth College v. Woodward,17 U.S. 518, 641, 4 L.Ed. 269 (1819). CT Page 13981
In an effort to deal with this general prohibition the student plaintiffs seek to attain standing by casting themselves as a group with a special interest in enforcing the provisions of the charitable trust created by John Sterling. This same question has been addressed in a similar case in Connecticut. Relying onMiller v. Aldenhold, 184 S.E.2d 172 (Ga. 1971), Judge Lewis of the Connecticut Superior Court ruled that students have no standing in court to challenge the acts of the trustees or others in the operation or management of the college. Steeneck v. Univ.of Bridgeport, 12 CONN. L. RPTR. No. 10, 314 (1994). This court adopts the well reasoned decision of Judge Lewis. The students do not have standing.
Lastly the plaintiffs rely on a memorandum of the Attorney General of the State of Connecticut filed in this case which appears to endorse the standing of the student plaintiffs. Conn. General Statutes § 3-125 designates the Attorney General as the sole representative of the public interest in the protection of any gifts intended for charitable purposes. No Connecticut case or statute supports the position that an endorsement of the Attorney General brings students into any special interest status thus conferring standing. His position is not relevant to the issue before the court.
In conclusion, it is clear that the courts have long tried to balance the need for the protection of the wishes of a donor of this type gift against the institutional needs of colleges and universities. Conferring standing on any of the various types of plaintiffs is not supported by statute or precedent in this state. Ruling otherwise would ignore the need for institutions of higher learning to be able to quickly adapt to the rapidly changing financial, academic, social and cultural needs of the universities. The litigation that would result if the plaintiffs' position were adopted would not need to be a flood to set in motion protracted litigation which would effectively give veto power to small groups with special interests who could use this power to effectively thwart any plan of any type that they deemed unwise.
It is apparent that all plaintiffs are sincere in their efforts to maintain the YDS as a leader in this area of Christian studies. Their good faith is not in doubt and their motives are certainly beyond question. They lack, however, as a matter of law, the standing to request the legal remedies they seek. The CT Page 13982 reorganization of YDS may prove to be a disaster; that is not the issue.
Section 8 of the Yale Charter vests the power to administer the University of it's President and the Fellows. Burdensome restraints on the exercise of this power must be approached with great caution and should be allowed only in the clearest cases. The plaintiffs do not present such a claim. The Motion to Dismiss is granted.
Thomas O'Keefe, Jr., Judge